McBRIDE, Judge.
This appeal was taken by both defendants from the judgment rendered in favor of plaintiff for $4,938.75 for personal injuries and property damage in this his suit against Checker Cab Company of New Orleans, Inc., and Benjamin F. Vanden-borre, respectively the owner and driver of a taxicab which collided with the Lincoln automobile owned and operated by plaintiff on Sunday, May 4, 1952, at about 2:15 o’clock p.m., at the intersection formed by Burgundy and Frenchmen Streets in New Orleans. Frenchmen Street is 28 feet 8 inches wide; Burgundy Street has a width of 28 feet 9 inches.
The only eye-witnesses, the two drivers, as is customary in cases of this nature, gave divergent descriptions of what happened.
The plaintiff, who was driving his car on Burgundy Street, in a downtown direction, or away from Canal Street, stated that when he reached the intersection he was confronted with a stop sign and that in obedience thereto he stopped at the sign *758 and then proceeded a few feet farther to the pedestrian lane where he again stopped. The reason he assigns for stopping twice is that the sign is so located that when a vehicle stops on Burgundy Street at the sign, the driver is unable to see to his right because his view is obstructed by the building on the uptown-river corner at the intersection. He testified that from the position at the pedestrian lane he was able to see to his right in Frenchmen Street about one-third of a block or 100 feet and that he observed no vehicles coming towards Burr gundy Street. Thereupon, he proceeded to cross Frenchmen Street at a speed of from 4 to 7 miles per hour and had negotiated from one-half to three-fourths of the crossing when his automobile was run into by the taxicab which came from his right out Frenchmen Street. Thomas never saw the taxicab until it was right upon him. He says:
“* * * I got a flash and a grinding of brakes to my right, and saw there was something coming and I tried to veer to the left, but it was impossible before the impact took place.”
Although the plaintiff placed his position when the impact occurred at from one-half to three-fourths of the way across the intersection, the testimony of a police officer who made an investigation convinces us that the Lincoln automobile was struck when it had covered just about one-half the width of Frenchmen Street. Mud, which had fallen from the front portion of the undercarriage of the Lincoln, rested 14 feet from the uptown curb according to a measurement which the officer made.
Vandenborre, the cab driver, testified he was proceeding on Frenchmen Street or toward the lake at about 20 miles per hour, and upon nearing Burgundy Street he slackened his speed to 12 miles per hour and proceeded into the intersection; that when he had reached to about the middle of the intersection the Lincoln came from his left and to avoid being hit he endeavored to swerve to the right. When he first glimpsed the Lincoln it was about 10 feet from him and that it had made no stop before making entry into Frenchmen Street. He insisted that the Lincoln ran into the taxicab. Later, on in his testimony, all of which incidentally was given on cross-examination he stated that the taxicab had come to a full stop when the Lincoln crashed into it.
According to the written reasons for judgment, the trial judge did not believe the cab driver’s story and neither do we. We have no doubt at all that the front part of the cab was driven into plaintiff’s automobile at about the right front fender. This clearly appears from photographs of the respective vehicles taken after the accident and the damage to each is clearly shown. Nor do we doubt that the force of the impact was sufficient to shove the heavy Lincoln automobile across Burgundy Street into a filling station and up against a gasoline pump.
We readily conclude that the driver of the cab was guilty of negligence in that he was operating the cab at a speed in excess of the legal speed limit of 20 miles per hour and failed to have his vehicle under control. These two acts of negligence are among those specified in the petition.
There is no direct testimony that the taxicab was speeding, but circumstances which appear from the record refute the cab driver’s assertions that he was moving at not more than 20 miles per hour. The extensive damage amounting to almost $800 sustained by the front of the cab attests that the cab must have been driven at a fast rate of speed in that the impact was severe. The fact that the taxicab traveled more than 100 feet in the period of time it took the Lincoln to move but 14 feet, even assuming that the Lincoln was traveling at the slow rate of speed testified to by Thomas, it is certain that the speed of the taxicab exceeded that permitted by law. Skid marks made by the taxicab which measured 11 feet in length and terminated at the point of impact also indicate that the cab was speeding.
The plaintiff has been charged with contributory negligence in an alternative plea. *759 made by defendants. It is alleged that the contributory negligence consisted, among other things, of plaintiff’s failure to pay attention to traffic and his failure to keep his car under proper control.
Plaintiff says that after making the second of the two stops he entered Frenchmen Street after looking and seeing no oncoming traffic on that street for a distance of one-third of a block or 100 feet and that his car went into the intersection at from 4 to 7 miles per hour. By his own admission, after making that one and only observation in Frenchmen Street, he did not look again for approaching traffic and paid no further attention to conditions to his right.
Thomas was under the duty to stop at such a point and position as would have afforded him the opportunity to see sufficiently far to his right on Frenchmen Street to discover that no traffic approached from that direction within a distance that could reasonably be traversed before Thomas could cross the intersection. Plaintiff says he saw nothing within 100 feet, and his conclusion was that he could safely negotiate the intersection without further concern for whatever oncoming traffic there may have been. We do not think that he fulfilled the duty required of a prudent man. When a motorist stops, such a stop as Thomas made in a position from which an adequate appraisal of the traffic on the intersecting street could not be made is as ineffectual as if no stop had been made at all. Even if a vehicle had been traveling at a legal rate of speed and had been just without the range of Thomas’ vision, that vehicle and Thomas’ Lincoln would have met somewhere in the intersection.
Had the plaintiff driven his car just a few feet farther before making the stop, or had he made further observation to his right after having started to cross, he could have seen far enough in Frenchmen Street to observe whatever oncoming traffic there may have been and taken such steps as were necessary to keep out of its path. True, the cab was traveling at a faster rate than the law permits, but from a proper point of vantage Thomas could have easily determined that fact and could have without question avoided the accident.
We do not mean to say that it is a motorist’s duty at a blind corner to continue to keep his eyes focused in one direction, for we fully appreciate that in congested traffic conditions of the present day he must also keep a lookout for vehicles ahead and those approaching from the other direction. But on the Sunday afternoon of the accident, according to Thomas, there was no traffic anywhere near the intersection except his own car. Thomas therefore had no concern except for traffic that might have been proceeding out Frenchmen Street and had he acted prudently he would have again looked to his right after starting his car in forward motion.
A finding of contributory negligence on his part cannot be escaped.
We agree fully with the finding of facts of the lower, court, but we disagree with him in his conclusions with reference to the question of Thomas’ contributory negligence.
For the reasons assigned, the judgment appealed from is reversed and plaintiff’s suit is dismissed at his cost.
Reversed.