87 So.2d 605

**Charles W. THOMAS**

**v.**

**CHECKER CAB COMPANY OF NEW ORLEANS, Inc., et al.**

No. 42268.

March 26, 1956.

Rehearing Denied May 7, 1956.

Henican, James & Cleveland, Murray F. Cleveland, New Orleans, for plaintiff-appellee and relator.

M. C. Scharff, A. J. Marciante, New Orleans, for defendants-appellants and respondents.

HAWTHORNE, Justice.

This is a tort action in which Charles W. Thomas seeks to recover damages for personal injuries and property damage which he suffered in an intersectional automobile collision. The lower court rendered an in solido judgment in favor of Thomas against the Checker Cab Company of New Orleans, Inc., and Benjamin Vandenborre, the driver of the cab involved in this collision, but the Court of Appeal for the Parish of Orleans reversed this judgment and dismissed plaintiff's suit. Although the Court of Appeal agreed with the trial court's finding of fact, it held that Thomas had been guilty of contributory negligence. See 76 So.2d 757. On application of plaintiff we granted a writ of review.

After this court had granted certiorari and while the case was pending here, Charles W. Thomas died on October 5, 1955, and his widow and three major chil-

dren filed a motion to be substituted as plaintiffs-relators in these proceedings. To this motion defendants-respondents filed a motion and exceptions seeking to have the suit dismissed on the ground that it is a personal action which abated by plaintiff's death. The widow on February 22, 1956, filed an alternative motion to be recognized as plaintiff-relator in her capacity as administratrix pro tempore of the succession of the deceased, attaching to the motion an order of the district court appointing her such administratrix. The defendants reurged the motion in abatement and exception of no cause or right of action.

■ Before his death Thomas had timely filed with this court an application for a writ of review. The granting of this writ had the effect of preventing the judgment of the Court of Appeal from becoming final, and consequently the district court's judgment in favor of plaintiff awarding him damages has never been effectively set aside. See Foy v. Little, La. App., 197 So. 313. Under our jurisprudence this district court judgment is a property right which necessarily forms a part of the decedent's estate. Castelluccio v. Cloverland Dairy Products Co., 165 La. 606, 115 So. 796; see McConnell v. Webb, 226 La. 385, 76 So.2d 405.

The motion to abate is therefore without merit, and Mrs. Lillian Wolff Thomas as administratrix pro tempore is substituted as party plaintiff and relator in this cause.

Like the Court of Appeal, we are in accord with the lower court's finding of fact. To summarize briefly:

On Sunday, May 4, 1952, at about 2:15 in the afternoon, plaintiff was driving his Lincoln automobile on Burgundy Street in a downtown direction away from Canal Street. On reaching the intersection of Burgundy and Frenchmen streets he stopped at a stop sign, as Frenchmen is a right-of-way street. His view to his right along Frenchmen Street toward the river was obstructed by a building on the uptown corner of the intersection, so he drove into the pedestrian lane where he could see along Frenchmen Street to his right a distance of about one-third of a block, or 100 feet. Observing no traffic approaching, he proceeded slowly in second gear to cross the intersection, but as he reached a point a little over one-half of the distance across Frenchmen Street, which is 28 feet, eight inches, wide, his car was struck with great force by a 1951 Plymouth taxicab, driven by Vandenborre, which was proceeding along Frenchmen Street from the river toward the lake. The front of the taxicab hit the right side of the Lincoln between its front end and its righthand front door. The force of the impact drove the heavy Lincoln all the way across Burgundy, which is 28 feet, nine inches, wide, into a filling station on the downtown lake corner of the intersection, where the Lincoln caught fire.

The facts in this case clearly establish that the taxicab was being operated at a high rate of speed, far in excess of the legal speed limit of 20 miles per hour. Photographs and other evidence in the record show that the front of the cab was completely crushed in; that there were skid marks made by the cab extending some 11 feet back from the point of impact, and that the heavier automobile, the Lincoln, was propelled completely across the width of Burgundy Street and severely damaged.

Both the Court of Appeal and the district court found that the driver of the cab was guilty of negligence under the facts we have set out above, and we fully agree with their conclusion. The only question for our decision is whether Thomas was guilty of contributory negligence so as to bar recovery.

■ As we have already pointed out, Thomas obeyed the traffic laws by stopping at the stop sign on the corner of Burgundy and Frenchmen. Because he could not look out Frenchmen Street from this point, he drove into the pedestrian lane, and from there was able to see one-third of a block, or 100 feet, along Frenchmen Street in the direction of the river. The reason he did not catch sight of the approaching taxicab is, we are convinced, that the cab was not at this time in view, being more than 100 feet away when plaintiff entered the intersection. Under these circumstances plaintiff had the right under the law to assume that if there was any car out of his range of vision approaching Burgundy along Frenchmen, its operator would be driving at a lawful rate of speed and in a proper manner. Therefore the plaintiff acted as a reasonably careful and prudent man when he entered the intersection and proceeded across. Beard v. Morris & Co., 156 La. 798, 101 So. 147; Sherwood v. American Ry. Express Co., 158 La. 43, 103 So. 436; Sweeny v. New Orleans Public Service, Inc., La.App., 184 So. 740; Gauthier v. Fogleman, La.App., 50 So.2d 321.

■ Thomas was not called upon to anticipate that a vehicle approaching from his right would be operated at an unlawful rate of speed and in an improper manner. Having preempted the intersection after stopping, looking, and ascertaining that there was no apparent danger, he had the right of way over a vehicle (the taxicab) approaching from his right, even though this vehicle was being operated on a right-of-way street. Booth v. Columbia Casualty Co., 227 La. 932, 80 So.2d 869, and authorities there relied on.

■■ On the other hand, the fact that the taxicab was being operated on a right-of-way street did not justify its driver in disregarding ordinary rules of safety, nor did it permit him to operate the vehicle in complete disregard of the rights and safety of others. As we said earlier in this opinion, the evidence in this case convinces us that the taxicab approached the intersection at a terrific rate of speed, without its

·driver having the vehicle under control. In so doing he was negligent, and it is our conclusion that the cab driver's negligence was the sole and proximate cause of the accident which is the basis of this damage suit.

Consequently we think the Court of Appeal erred in holding Thomas guilty of contributory negligence.

Since the Court of Appeal reversed the judgment of the district court, there was no occasion for it to pass upon the quantum of damages. In that court ·plaintiff-appellee answered the appeal praying that the amount awarded to him in the district court be increased, and in accordance with the recent jurisprudence of this court we will remand the case to the Court of Appeal for the Parish of Orleans for consideration and determination of the quantum of damages to which plaintiff is entitled. See Jackson v. Jones, 224 La. 403, 69 So.2d 729, and authorities therein cited.

For the reasons assigned, Mrs. Lillian Wolff Thomas is substituted as party plaintiff in her capacity as administratrix pro tempore; the judgment of the district court insofar as it was in favor of plaintiff and against the defendants is affirmed; the judgment of the Court of Appeal is reversed and set aside, and this case is remanded to the Court of Appeal for the Parish of Orleans so that that court may determine the quantum of damages to which the substituted plaintiff is entitled. All costs are to be paid by the defendants.