REGAN, Judge.
Plaintiff, Charles W. Thomas, the operator of a 1946 Lincoln automobile, instituted this suit against the defendants, Checker Cab Company of New Orleans, Inc., and Benjamin Vandenborre, the driver of Checker’s taxicab, endeavoring to recover the sum of $25,084.50, representing medical expenses, loss of earnings, property and personal damages incurred by Thomas as a result of an intersectional collision.
Defendants answered denying liability for the accident and, in the alternative, pleaded the contributory negligence of the plaintiff.
Judgment was rendered against the defendants, in solido, by the district court and in favor of the plaintiff in the amount of $4,93875, representing $63975 for medical expenses, $799 for property damage to his automobile and $3,500 for personal injuries. Defendants then prosecuted an appeal to this court. We reversed the judgment of the district Court and dismissed plaintiff’s suit, La.App., 76 So.2d 757. A writ of certiorari was granted by the Supreme Court and ultimately it reversed this court and decided that the defendant was liable for whatever damage the plaintiff had incurred by virtue of the foregoing collision and remanded the case to us only for consideration of the quantum. 229 La. 1079, 87 So.2d 605.
While the case was pending in the Supreme Court the plaintiff died and Mrs. Lillian Wolff Thomas was substituted as party plaintiff in her capacity as adminis-tratrix pro tempore.
In this ‘court counsel for' the plaintiff insists that the amount awarded plaintiff should be increased to the sum of $10,513.- *396 21, which represents $8,000 for personal injuries, $1,074.46 for loss of earnings, $639.-75 for medical expenses and $799, for property damage to the Lincoln automobile.
On the other hand, the defendants assert that the sum of $3,500 awarded the plaintiff for personal injuries is excessive and should he reduced; that the plaintiff has only proven medical expenses in the amount of $384.75 and that the sum of $799 awarded as the value of the automobile should be denied in its entirety.
Obviously the only question which is posed for our consideration is the amount of damages resulting from the accident which the plaintiff is entitled to recover from the defendants.
The record reveals that on the afternoon of the accident, plaintiff, a man approximately sixty-five years of age, was operating a Lincoln coupe, the front seats of which are divided so as to provide -an individual seating accommodation for the occupants of the front portion of the vehicle. When the accident unexpectedly occurred, the plaintiff was violently thrown against the metal bar attached to the individual right seat which had become dislodged by virtue of the impact which, in turn, caused his body to be pinned between that seat and the steering wheel. He was not rendered unconscious as a result thereof, but he was in a state of shock and, at this moment, he heard the voices of people who had been attracted to the scene of the accident, yell in unison that the automobile was aflame. Despite the connotation df this motivating warning he was unable to free himself therefrom and he was not able to escape until firemen, who had been called to the scene, aided in his release and then extinguished the fire. He was then conveyed, by ambulance, to the Charity Hospital and several hours later was removed to Hotel Dieu, where he was confined for five days. Dr. Blaise Salatich was summoned as the attending physician and he visited plaintiff in the Hotel Dieu on the afternoon of May 4, 1952; he related that upon interrogation of the plaintiff, he ascertained that he had sustained a “rather hard, sharp and fairly circumscribed blow to the right side of his chest and trunk anteriorly and to the side * * * that although he was not rendered unconscious he was markedly weak and distressed.” He stated that “palpitation along the outline of the right fifth, sixth, seventh, eighth, ninth and tenth ribs in the mid-axillary region was markedly painful with a marked degree of lower muscle spasm noted, enlarged area of severe ecchymosis of the soft tissue in the right thorax, posterior and lateral aspect * * X-rays made upon his request by Drs. Duhe and Klinger, Hotel Dieu Radiologists, revealed “fractures of the fifth, sixth, seventh ribs in the mid-axillary region and the eighth, ninth and tenth ribs of the posterior axillary region.”
Dr. Salatich pointed out that fractures of the ribs are very painful because they cannot be immobilized since they are essential structures in respiration and the ribs necessarily move during the course of breathing.
The record very convincingly reveals that the plaintiff suffered excruciating pain and agony in consequence of these injuries and this condition persisted for approximately four months after the accident; on the day of the trial in the lower court, which was about seventeen months later, the plaintiff was still wearing a special belt for support.
In consideration of the severity of the foregoing injuries we are of the opinion that the $3,500 awarded plaintiff by the court below is inadequate and that the amount thereof should be increased to the sum of $5,000, which we believe to be adequate only insofar as money may make it so.
The trial judge awarded the sum of $639.75 to plaintiff for medical expenses. If *397 is our opinion, after a careful analysis of the record, that this amount should be reduced by the sum of $250 since the plaintiff failed to offer sufficient proof to substantiate the validity of this additional medical charge.
The trial judge properly disallowed a claim of $1,074.46 for loss of earnings since he was convinced that this item “was not established with sufficient certainty to form the basis of an award in damages.” The evidence substantiates this conclusion.
The record reflects that the plaintiff’s automobile, at the time of the accident, was valued at $900 and that the total cost of repairing it would have been $882.72 and, therefore, the car was properly declared a total loss.
Joseph Rodosta, Service Manager of the Sti Rod Motor Company, testified that the car was sold to him for the cost of the wrecker service and storage charges and that he, in turn, permitted the plaintiff to remove various items from the vehicle which he valued at approximately $101. Plaintiff, therefore, is entitled to recover $799, the amount which was correctly awarded by the trial judge.
For the reasons assigned hereinabove the judgment appealed from is amended so as to now read as follows:
It is now ordered, adjudged and decreed that there be judgment herein in favor of Mrs. Lillian Wolff Thomas, as adminis-tratrix pro tempore, and against the defendants, Checker Cab Company of New Orleans, Inc., and Benjamin Vandenborre, in solido, in the sum of $6,188.75 with legal interest from judicial demand until paid.
As thus amended the judgment appealed from is affirmed.
Amended and affirmed.