McBRIDE, Judge.
On the afternoon of April 23, 1961, a collision occurred between two automobiles at about the center of the intersection formed by Touro and Selma Streets. The intersection is uncontrolled by traffic signs or signals and the two streets are blacktopped and of equal dignity and accommodate a two-way traffic movement. One vehicle was owned by plaintiff and was being operated by his 19-year-old daughter, Theodora, in Touro Street proceeding in the direction of the lake. The other, moving in Selma Street in a downtown direction, was owned by defendant Hanemann, and was being driven by his 15-year-old son, Michael.
Plaintiff, in his own interest and also on behalf of his minor daughter, brought this suit against Hanemann and his insurer to recover for property damage, expenses, and for personal injuries to the minor, alleging that the accident was caused by the negligence of Michael Hanemann, which *637 consisted, among other things, of failure to respect the right of way of the Voebel car and failure to have his vehicle under control. Defendants denied negligence on the part of Michael, affirmatively alleged Theodora’s negligence, and, alternatively, pleaded her contributory negligence.
After a trial on the merits, plaintiff recovered judgment for his own account for $426.30 and on behalf of his daughter for $1,600. The trial judge found as a fact that Michael was exceeding the speed limit and the reasons for judgment state: “The Court was impressed with the testimony of Miss Voebel.”
Theodora was traveling IS miles per hour as she approached the intersection; she slackened her speed, and after looking in both directions and observing no approaching traffic on Selma Street, she attempted a negotiation of the intersection, but before she had completed a crossing, Hanemann’s car was driven into the left side of her vehicle. Her view to the left along Selma Street was obstructed by a building on the uptown-river corner of the intersection and also by parked cars, and as a result she could only see up Selma Street for approximately half a block.
Miss Voebel acted as a reasonably careful and prudent motorist when she entered the intersection and proceeded across. We believe the reason she did not catch sight of Hanemann’s car was that it was not at this time in view and she had the right under the law to assume that if there was any car out of the range of vision approaching Touro along Selma, it would be driven at a lawful rate of speed (not more than 20 miles per hour) and in a careful manner. See Thomas v. Checker Cab Company of New Orleans, Inc., 229 La. 1079, 87 So.2d 605. Moreover, she had the right to believe her right of way would be respected.
A disinterested witness stated that Michael Hanemann was driving at 35 miles per hour, and this testimony supports the trial judge’s finding that Michael was exceeding the speed limit.
Young Hanemann denies traveling at more than 20 miles per hour, but his own testimony as a whole brands him with negligence. He observed the Voebel car when he arrived at a point of from 30 to 40 feet before reaching Touro Street, “and the next thing I remember is hitting the brakes because I assumed one of us would have to stop and had we both slowed, the collision would have been avoided.”
The quoted statement convinces us that Michael did not have his car under proper control, and it seems he expected Miss Voebel to yield the intersection to him and that he completely disregarded her right of way accorded by law. He approached from her left. See LSA-R.S. 32:237(A).
The quantum was stipulated by counsel and is therefore not an issue.
The judgment appealed from is affirmed.
Affirmed.