TATE, Judge.
This suit arises out of an intersectional collision. The trial court held that the-negligence of the plaintiff’s driver was the sole proximate cause of the accident. The-defendant was therefore awarded damages-upon his reconventional demand. An appeal is taken by the plaintiff and his liability insurer, defendants in reconvention.
 The essential issue of the appeal is whether the trial court erred in finding that the plaintiff’s driver was approaching the intersection at a highly excessive rate of speed.
If so, this negligently excessive speed was the sole proximate cause of the accident, for then the defendant driver, after making reasonable observation at the “Yield” sign, was entitled to enter the right-of-way street in reasonable reliance upon observation which indicated that he could *407 cross the intersection without obstructing the passage of normally-approaching right-of-way traffic (the plaintiff’s vehicle then being so far distant from the intersection). Thomas v. Checker Cab Co., 229 La. 1079, 87 So.2d 605; Andrea v. Hicks, La.App. 3 Cir., 125 So.2d 251; Baranco v. Cotten, La.App. 1 Cir., 98 So.2d 260; Gauthier v. Fogleman, La.App. 1 Cir., 50 So.2d 321.
The speed limit at the place of the accident was either 20 or 25 mph, depending upon whether a campus or a municipal regulation is held to be applicable. In either event, we have concluded that the trial court did not commit error in finding that the plaintiff’s driver’s speed, much in excess of 20-25 mph, was the sole proximate cause of the accident.
At the time the defendant driver entered the intersection, the plaintiff’s vehicle could not be observed by him, since it was below the lip of a steep depression or valley in the roadway as it approached the intersection. Although the plaintiff’s driver and her passenger estimated that their speed was only 20-25 mph and further testified that the accident occurred when the defendant suddenly pulled out in their path, we find no error in the trial court’s having accepted instead the testimony of the defendant driver that, in reliance upon careful observation showing the way was clear, he had slowly pulled into the middle of the intersection before the other vehicle was seen approaching at a speed of about 40 mph at the time it applied its brakes and skidded into the defendant’s car.
In accepting the defendant’s version of excessive speed on the part of the approaching driver, the trial court relied upon the skidmarks of 48 feet made by the plaintiff’s car from the time the brakes were applied until the impact, and also upon the substantial damage done to the defendant’s automobile by the impact. Able counsel for the appellants skillfully attacks the trial court’s reliance upon this physical evidence as proving excessive speed. However, we cannot find that the trial court committed manifest error thereby.
We note, for instance, that stopping distance charts entered into evidence could, under the evidence as to the efficiency of the plaintiff’s brakes and as to the stopping surface in question, be reasonably accepted as indicating that the plaintiff’s vehicle should have been able, after the brakes were first in fact applied, to come to a complete stop before the impact, if indeed the vehicle had been approaching at 20-25 mph only. Further, considering the length of the skidmarks plus the considerable damage to the defendant’s vehicle, these charts also could reasonably be accepted as corroborating the defendant’s testimony that the plaintiff’s vehicle was approaching at a speed considerably in excess of 20-25 mph when its brakes were first applied.
For the foregoing reasons assigned, and there being no dispute as to the quantum, the judgment of the trial court is affirmed, at the cost of the appellants.
Affirmed.