182 So.2d 345 (1966)
Georgia STEINER, Plaintiff and Appellee,
v.
The EMPLOYERS LIABILITY ASSURANCE CORPORATION, Ltd., et al., Defendants and Appellants.
No. 1624.
Court of Appeal of Louisiana, Third Circuit.
January 18, 1966.
Rehearing Denied February 7, 1966.
*346 Davidson, Meaux, Onebane & Donohoe, by Timothy J. McNamara, Voorhies, Labbé, Fontenot, Leonard & McGlasson, by J. Winston Fontenot, Lafayette, for defendants-appellants.
Domengeaux & Wright, by Mark Bienvenu, Lafayette, and Philip J. Chappuis, II, Crowley, for plaintiff-appellee.
Before FRUGÉ, SAVOY and CULPEPPER, JJ.
CULPEPPER, Judge.
This is a suit for damages for personal injuries. Plaintiff, Georgia Steiner, was a guest passenger in a vehicle driven by James Spencer, Sr. and insured by The Employers Liability Assurance Corporation, Ltd. Spencer was involved in an intersectional collision with a vehicle driven by Raleigh Bernard and insured by Security Insurance Company of New Haven. The district judge found both drivers negligent and awarded plaintiff $5,000 plus certain special damages. All defendants appealed. Plaintiff answered the appeal, seeking an increase in the award.
The accident occurred at about 9:00 p. m. on January 19, 1964 at the intersection of Lessley Street, which runs east and west, and North Adams Street, which runs north and south, in the City of Rayne, Louisiana. North Adams Street is a State Highway Route and enjoys the right of way. There are stop signs at the intersection designating Lessley as the inferior street.
*347 The Spencer vehicle, in which plaintiff was a passenger, was traveling east on Lessley Street. There is a dispute as to whether Spencer stopped at the stop sign. In any event, he proceeded on into the intersection and reached a point in the southeast quadrant thereof, when the right rear of his automobile was struck by the front portion of the Bernard vehicle, which was traveling north on North Adams.
As stated above, the district judge found the accident was caused by the concurrent negligence of both drivers. Although he did not specify the particular acts of negligence of each driver, it is apparent he found Spencer was negligent in either not stopping at the stop sign, or attempting to cross the intersection when Bernard was too close for safety; and found Bernard was negligent in traveling at an excessive speed.
We will first discuss the negligence of Bernard in traveling in excess of the speed limit of 25 MPH. The only direct testimony in this regard is that of the two drivers. Spencer testified that he stopped at the stop sign and saw the Bernard vehicle a little more than one-half block away. Thinking he had time to cross, he started off but the Bernard vehicle approached at a rapid speed and the collision occurred. But, Bernard testified he was going only about 25 MPH.
However, the violence of the impact shows clearly that Bernard was going faster than 25 MPH. The Spencer vehicle, a 1956 Buick, was struck on the right rear and spun completely around, coming to rest in a ditch along the east side of North Adams Street, just north of the northeast corner of the intersection. It was a total loss. The entire right side was pushed in by the impact, every piece of glass in the car was broken out, the rear tires were blown out and the rear wheel was bent back into the car. The Bernard Chevrolet moved very little after the impact but it suffered about $1,400 damages. The entire front end was damaged. The engine was broken from its mounts and shoved back against the fire wall.
Mr. West Bourgeois, an employee of an appraisal service for approximately 12 years, examined the Bernard vehicle and expressed the opinion the amount of damage indicated it was going greatly in excess of 25 MPH. The evidence also shows the 1960 Chevrolet being driven by Bernard was equipped with a 360 H.P. Corvett engine with chromed parts and a transmission commonly called "four-on-the-floor", for speed in shifting. Another relevant fact, which could have influenced the trial judge in reaching the conclusion that Bernard was speeding, is that Bernard had several prior convictions for speeding.
Under all of this evidence, we think the trial judge was clearly justified in finding Bernard was negligent in exceeding the speed limit of 25 MPH.
Now turning to the negligence of Spencer, we find his alleged negligence falls into 3 general categories. The first is that he was intoxicated. Spencer admitted drinking 2 or 3 beers previously that evening. The officers who investigated the accident testified Spencer smelled of alcohol and appeared to be intoxicated. They arrested him for drunk driving. But the evidence also showed that Spencer had received a blow on the head which could have accounted for this condition. At the trial on the criminal charge, Spencer was found not guilty. Also, the trial judge in this civil case found as a fact that Spencer was not intoxicated at the time of the accident. We can find no manifest error in these conclusions.
The second contention is that Spencer was negligent in not stopping at the stop sign. Both plaintiff and Spencer testified he stopped. Bernard testified he did not see Spencer until Spencer was already in the intersection, but that Spencer "darted across" at such a speed that Spencer could not have stopped at the stop sign. We do *348 not find it necessary to decide whether Spencer actually stopped or not. Even if he did stop, we still have the question of whether he made the proper observation of the Bernard vehicle to determine that he could cross the intersection in safety. Our jurisprudence is well established that a motorist must not only stop in obedience to a stop sign, but he is also required to see approaching vehicles, which he should see, on the favored street and to refrain from crossing until it is safe to do so. Howard v. Insurance Company of North America, La.App., 162 So.2d 165 (3rd Cir. 1964).
The third way in which Spencer could have been negligent is attempting to cross at a time when it was unsafe to do so. Able counsel for Spencer contends that, because of Bernard's excessive speed, this case falls within our jurisprudence that a motorist approaching an intersection can assume another vehicle he sees some distance away is not exceeding the speed limit; and that if, relying on this assumption, he reasonably believes the speed and distance of the approaching vehicle is such that a crossing can be made in safety, he will not be held negligent in crossing the intersection. See Thomas v. Checker Cab Company of New Orleans, 229 La. 1079, 87 So.2d 605 (1956) and the cases cited therein.
Let us examine a few of these cases. In Thomas v. Checker Cab Company of New Orleans, supra, the facts showed that plaintiff, on the inferior street, stopped at the intersection and could see a distance of 100 feet along the favored street, on which the speed limit was 20 MPH. Seeing no approaching vehicle, plaintiff started across and was struck by the defendant taxi cab driver, whom the court found to be traveling at a "terrific rate of speed". The court found plaintiff had the right to assume that any car approaching within the 100 foot range of his vision was driving at a lawful speed and therefore, plaintiff acted reasonably in proceeding across the intersection.
In the recent case of Easter v. Davis, La. App., 153 So.2d 463 (4th Cir. 1963) the facts showed that Mrs. Davis, on the inferior street, saw Easter's vehicle a block away and proceeded into the intersection, where she was struck by Easter, who was traveling 60 MPH in a 35 mile speed zone. The court found the less favored driver had a right to assume the approaching car was obeying the speed limit and that she acted reasonably in attempting to cross.
Counsel for Spencer cites and quotes from Gauthier v. Fogleman, La.App., 50 So.2d 321 (1st Cir. 1951). There, Fogleman had the right of way. Gauthier, on the inferior street, attempted to cross when Fogleman was "about one-half city block distant or at least not closer than 60 or 70 feet from the intersection". Fogleman was traveling greatly in excess of the 25 MPH speed limit. The court held the inferior driver free of negligence in attempting to cross the intersection. With reference to the Gauthier case, we state frankly that we cannot agree it would have been safe for the inferior driver to cross when the driver on the favored street was only 60 or 70 feet away. But, if the distance was as much as one-half block, i. e., 150 feet, then we would have no quarrel with the decision.
With this brief review of the jurisprudence in mind, let us examine the particular facts of the present case. Spencer's version of the accident is that when he stopped at the stop sign he saw the Bernard vehicle a little more than one-half block away. He says he assumed Bernard was traveling at a legal speed (25 MPH) and hence he would have time to cross the intersection. In argument before this court, counsel for Spencer assumes a city block is 300 feet and that the Bernard vehicle was about 150 to 200 feet distant when Spencer observed it. Counsel also suggests that it took Spencer approximately 2 seconds to move from the stop sign to the point where the collision occurred. Using these assumptions, Bernard would have had to travel 69 MPH, i. e., about 100 feet per second, to travel the 200 feet in 2 seconds. The facts certainly do *349 not show that Bernard was going at a speed this excessive.
On the other hand, if we were to assume for the sake of argument that Bernard was going 35 MPH, he would travel about 102 feet in 2 seconds and hence this would be his distance from the intersection at the time Spencer started across. At the legal speed of 25 MPH, Bernard would travel 73 feet in 2 seconds.
It is also noteworthy that Bernard did not have time to apply his brakes before the collision. Actually, there were no skidmarks left by either vehicle. This supports a conclusion that Bernard was very close to the intersection when Spencer started across.
Under all of the circumstances, the trial judge could have justifiably concluded that at the time Spencer entered the intersection, Bernard, although exceeding the speed limit, was in such close proximity to the intersection that the ordinary reasonable, careful, prudent driver would not have attempted to cross in his path. The trial judge did not say, and we will not attempt to say, what Bernard's exact speed was, or what his distance from the intersection was, at the time Spencer started across. But, we find no manifest error in the trial judge's conclusion that Bernard was too close to the intersection for Spencer to reasonably believe he could cross in safety.
The next issue concerns an argument by able counsel for Spencer that the plaintiff, Georgia Steiner, a passenger in Spencer's vehicle, judicially confessed in her testimony during the trial that Spencer was free of negligence. Hence that plaintiff is barred from recovering against Spencer. Thompson v. Haubtman, 18 La. App. 119, 137 So. 362; Franklin v. Zurich Insurance Co., La.App., 136 So.2d 735. We have carefully examined the record and find that in a vague way plaintiff testified Spencer stopped at the stop sign and she didn't see anything he did wrong. She did say that it is possible Spencer could have avoided the collision by applying his brakes. Under the circumstances we do not think this amounts to a judicial confession by plaintiff that Spencer was free of negligence. She certainly did not testify that when Spencer started across the Bernard vehicle was far enough away that it was reasonable to believe a crossing could be made in safety.
The final issue on appeal is the quantum of damages. Plaintiff's injuries consisted of (1) a cerebral concussion but no skull fracture, (2) a partial clavicular separation of the right shoulder, (3) a minor chip fracture of the left fibula at the ankle, (4) a rather severe contusion and laceration of the dorsum of the left foot and (5) a severe abrasion under the right knee requiring a skin graft. She was in the hospital initially from January 19, 1964 to January 30, 1964, but returned in February for the skin graft under her right knee. She was discharged by her treating physician on May 23, 1964, about 4 months after the accident, and returned to work as a domestic servant. She has no residuals, according to the doctor's testimony, except a scar on the left foot and on the back of the right knee. But, plaintiff testified she still has pain in her foot on movement and that she has headaches.
The trial judge awarded plaintiff $5,000 in general damages, plus $1,853.25 in stipulated special damages. These special damages were as follows: $288 for 4 months loss of wages as a maid; $1,444 for the hospital bill; $409.25 for the doctor's bill.
Under the circumstances, we find no abuse of the great discretion of the trial judge as to quantum.
Counsel for Spencer's insurer points out that its policy limit is $5,000 per person, but the judgment appealed makes no mention of this limitation. The judgment is jointly and in solido against both insurers and Raleigh Bernard for the sum of $6,853.25, with a credit to Employers Liability Assurance Corp. Ltd. for $500 previously paid *350 under a medical payment clause. Of course, the judgment should be amended so as to limit recovery against Spencer's insurer to the maximum coverage under its policy.
For the reasons assigned, the judgment appealed is amended by limiting the recovery against Employers Liability Assurance Corp. Ltd. to its policy limit of $5,000, including the $500 credit allowed. Otherwise than as herein amended, the judgment appealed is affirmed.
Amended and affirmed.

On Application for Rehearing.
En Banc. Rehearings denied.