BARNETTE, Judge.
This is an appeal from a judgment which awarded damages in favor of the plaintiffs, Joseph Dieck, Jr., and Dieck’s insurer, Motors Insurance Corporation, and which dismissed the reconventional demand for damages by defendant Alphonse Masakowski.
The suit arose out of an automobile accident which occurred on August 16, 1966. The accident involved an automobile owned by Alphonse Masakowski and driven by his unemancipated minor daughter Bonnie Mas-akowski, and a vehicle owned and driven by plaintiff Dieck.
Dieck and his insurer brought suit against Masakowski, individually, and as the representative of his minor daughter Bonnie, for the damage to the Dieck automobile in the total sum of $301.56. Of this amount the insurer, Motors Insurance Corporation, had paid $201.56 for repairs and Dieck paid $100, under the deductible clause provisions of his automobile insurance policy. Defendant Masakowski by way of a reconven-tional demand against Dieck sought recovery of $165.56 for damages to his automobile and $500 on behalf of his daughter Bonnie for pain and suffering alleged to have been experienced as a result of a minor neck injury incurred in the accident. Masa-kowski’s reconventional demand was rejected and was dismissed by the trial court, and plaintiffs were granted judgment for the amounts respectively prayed for. Masa-kowski, the defendant, plaintiff in recon-vention, has appealed.
The accident occurred in Jefferson Parish on Jefferson Highway at a point near the intersection of the highway with the service road leading toward the Huey P. Long bridge from Causeway Boulevard.
The trial judge did not give written reasons for judgment, but there can be no doubt that his factual findings were that the accident resulted from the negligence of Miss Masakowski, defendant’s daughter.
The accident occurred about 100 to 150 feet from the point where the Causeway *806 Boulevard service road leads into Jefferson Highway from the right. The impact occurred in the extreme left-hand lane of traffic of the three-laned highway near a break in the median island. The Masakow-ski vehicle was struck from the rear by the Dieck car. These facts are not seriously disputed and are supported by the testimony of Trooper Paul Esquivel, the Louisiana State Police officer who investigated the accident at the scene. Esquivel testified that he measured approximately 50 feet of skidmarks left by the Dieck vehicle, which was consistent with Dieck’s testimony and Esquivel’s finding that Dieck had been trav-elling within the posted 35-mile-per-hour speed limit. Miss Masakowski stated that she had entered Jefferson Highway from the service road leading from Causeway Boulevard and had crossed the outbound three lanes of traffic diagonally in an attempt to get into the far left lane in time to negotiate a left turn at the break in the median island. She testified she had travel-led at least 200 feet on Jefferson Highway from the point of the entry of the service road and had previously stopped at the stop •sign at this point of entry. She stated that ■she had watched the approaching traffic before entering the highway and did not •enter until the closest car was two blocks :away. She stated she did not see plaintiff’s •vehicle until after he had hit her.
Dieck stated that he had been travelling in the extreme left-hand lane of traffic on the highway, away from the City of New Orleans. As he approached the Causeway Boulevard overpass he noted a vehicle coming from the service road onto the highway from his right. This vehicle proceeded diagonally across the three lanes of traffic into his lane directly in front of him. Dieck stated he was prevented from veering to his left to avoid hitting the car by the raised center island. He attempted to brake his •car but could not avoid hitting the other vehicle which he later discovered was driven by Miss Masakowski and owned by her father.
Dieck’s version of the accident corresponds closely to the physical findings of Trooper Esquivel and Esquivel’s diagram and description of the accident' in his investigating officer’s report.
Defendant attempted to discredit Esqui-vel’s testimony by a printed notation which Esquivel had checked on his report form which indicated that Dieck, the driver of car No. 2, was apparently asleep at the time of the accident.
Esquivel stated that he had no idea why he checked this block, as it was not his intention to do so; that he simply made an inadvertent check mark or was confused by some other report of a previous accident. He pointed out that he also had checked another block which indicated that Dieck had been guilty of no improper driving, and this was the true statement of the facts. Further, he showed that he checked the notation which indicated that the driver of car No. 1, Miss Masakowski, was inattentive or distracted.
Plaintiffs entered into evidence a statement of charges and copy of the check paying for the repairs which fully substantiated their claims. The amounts are not contested.
The record fully substantiates the decision of the trial judge. Clearly the negligence of Miss Masakowski was the sole cause of the accident. Defendant has offered no substantial evidence to the contrary, nor can we find any basis for his reconventional demand which was rejected by the trial judge.
It is apparent that Miss Masakowski did not give proper consideration to the oncoming traffic in her effort to negotiate a dangerous maneuver across a busy highway. She attempted to cross diagonally three lanes of traffic and position herself to make a left turn, all in the distance of approximately 100 feet. Plaintiff Dieck was approaching the point of Miss Masakowski’s entry into the highway at a much closer distance than she indicated in her testimony. *807 She testified that she saw an approaching “white” car about two blocks away. At one point in his testimony Dieck referred to his car as “brown.” We can only conclude that Miss Masakowski was not keeping a proper lookout and did not see that which she should have seen, or, if she did, she was negligent in crossing the traffic lanes in front of the oncoming car when it was unsafe to do so. Steiner v. Employers Liability Assurance Corporation, 182 So.2d 345 (La.App. 3d Cir. 1966); Messana v. Allstate Insurance Company, 182 So.2d 93 (La.App. 4th Cir. 1966); Howard v. Insurance Company of North America, 162 So.2d 165 (La.App. 3d Cir. 1964).
The issues presented by this appeal are factual, and we find no error in the conclusion reached by the trial judge.
The judgment appealed from is affirmed at appellant’s cost.
Affirmed.