MILLER, Judge.
The left turning eastbound motorist (defendant) stopped for the stop sign, then slowly entered the intersection. The left rear of her 1966 four door Oldsmobile was struck by the left front of the southbound right of way Mustang (plaintiff) after it skidded 69 feet plus the length of the Mustang. At impact the Oldsmobile was half in the northbound lane and half in the Mustang’s lane. The impact turned the Oldsmobile around 180 degrees.
The trial court rejected plaintiffs’ demands finding plaintiff contributorily negligent for exceeding the 30 mph speed limit and failing to keep a proper lookout. Plaintiffs appealed. We affirm.
The accident occurred in Rapides Parish at noon on May 10, 1969. The weather was clear and the highway dry. Plaintiff, Mrs. Howell, was driving the Mustang in a southerly direction toward Pineville on Donahue Ferry Road. Miss Hawthorne was driving her father’s Oldsmobile in an easterly direction on Corinne Street and came to a stop for the stop sign where Corinne Street makes a “T” intersection with Donahue Ferry Road. She planned to turn left and proceed northerly on Donahue.
*442 Donahue overpasses a railroad track approximately 300 feet north of Corinne Street. The elevation at the top of the overpass is 20 feet above Corinne Street. Eighty feet north of the point of impact, Donahue is five feet higher. There are guard rails close alongside the 20 foot wide paved highway on the overpass. There is a line of trees along the west side of Donahue. According to the evidence, these obstructions and the elevated highway allowed the two motorists a 250 to 300 foot (or more) view of each other.
Mrs. Howell testified that she was driving about 30 mph down the decline and was directing her attention to a northbound vehicle. She passed the northbound vehicle about half way down the decline (some 110 feet from Corinne Street). When she looked ahead she saw the left turning motorist coming on the highway and immediately applied her brakes in a maximum effort to stop and turned slightly to the right. The skid marks were solid black behind her Mustang.
Plaintiffs called an independent eye witness W. T. Skeels. Mr. Skeels was driving north on Donahue and was some 250 feet south when Miss Hawthorne entered the intersection. Her entry did not interfere with his right of way. Mr. Skeels verified the testimony of Miss Hawthorne and her passengers that the Mustang had not appeared at the top of the overpass when Miss Hawthorne entered the intersection.
Furthermore, Mrs. Howell’s son Durwin saw the Oldsmobile coming out of the intersection when “we started down the hill.” That would be at least 225 feet from Corinne Street.
The trial court’s finding that plaintiff exceeded the speed limit and failed to keep a proper lookout is supported by the evidence. This negligence was a proximate cause of the accident and bars plaintiffs’ recovery. Thomas v. Checker Cab Company of New Orleans, 229 La. 1079, 87 So.2d 605 (1956); Hand v. Reid, 169 So.2d 406 (La.App.3d Cir. 1964).
The judgment of the trial court is affirmed at the cost of appellants.
Affirmed.