BARNETTE, Judge.
This is a suit for damages resulting from an intersectional collision of two automobiles. The plaintiff, Mrs. Clara B. Pierce, has appealed from a judgment which denied recovery and dismissed her suit on the basis of her contributory negligence.
The accident in question occurred at about noon on June 30, 1967 at the intersection of Nashville Avenue and Willow Street in New Orleans. The weather was clear and dry. The plaintiff was proceeding on Willow Street in an uptown direction driving an Oldsmobile automobile. Robert E. Johnson, a minor, son of defendant Kathryn A. Coltraro, was the driver of the Plymouth automobile proceeding on Nashville Avenue, approaching the intersection from plaintiff’s left. Another minor, George Miller, Jr., was riding with the Johnson youth and because plaintiff was not certain which youth was driving the car, she sued Miller’s father also. Miller was later dismissed from the suit.
Before trial of the case below the Johnson youth died of injuries not related to the accident in question. George Miller, Jr.’s testimony was taken by deposition before trial and was filed in evidence in lieu of his appearance as a witness at the trial on account of his then being in Europe. Another alleged witness to the accident died before trial, therefore, except for physical evidence and expert opinion we have only the deposition of the Miller youth, which is of little probative value, and the testimony of Mrs. Pierce as to how the accident occurred.
Nashville Avenue is a right-of-way street, 36 feet wide and Willow Street about 30 feet. STOP signs are posted on Willow Street for vehicles about to enter or intersect Nashville. The plaintiff came to a complete stop before crossing the pedestrian walk, then moved forward and stopped again at the curb line and, according to her testimony, looked in both directions to determine if it was safe to enter the intersection. No vehicles were approaching from her right and only the defendant vehicle from the left. The most serious issue relates to the distance of the Johnson Plymouth from the intersection when plaintiff left her position of safety to proceed across Nashville Avenue. It is plaintiff’s contention that she saw the approaching defendant vehicle at a sufficient distance to enter and clear the intersection safely and that she would have succeeded except for Johnson’s excessive speed and failure to keep a proper lookout. She made no attempt to estimate the distance in feet or yards, nor the speed of Johnson’s vehicle. She testified at one point that the Plymouth was “over a block” away when she first saw it and, when pressed further on this point, merely said that it was far enough that she thought she could pass safely across. She is alleged to have told the investigating police officer that the Plymouth just “came from nowhere.”
The negligence of the Johnson youth is not seriously disputed. Skid marks of 77 feet to point of impact caused by Johnson’s attempt to stop are an indication of excessive speed. John F. Exnicios, whose expert qualifications were stipulated, testified that the 77 feet of skid marks indicated a minimum speed of 37 miles per hour. To this minimum he would add the unknown speed on impact. The physical damage and position of plaintiff’s Oldsr^obile where it came to rest approximately 30 feet from point of impact, clearly indicate a severe impact. The only conclusion which can be drawn from these facts is that the Johnson youth was driving at a speed very much in excess of the 30 mile per hour legal limit.
The trial judge, in his reasons for judgment dictated into the transcript at the conclusion of the trial, indicated his opinion that if we had a comparative negli *552 gence doctrine, his judgment would have been more favorable to the plaintiff, but that her negligence, however small by comparison, was contributory and therefore a bar to her recovery.
We have no doubt that the excessive speed of the Johnson youth and his probable momentary distraction from plaintiff’s entry into the intersection constituted substantial negligence. We might prefer to be affirming a judgment in plaintiff’s rather than defendant’s favor on the record before us, and we have given serious consideration to appellant’s argument and brief, but we cannot find a substantial basis upon which to hold the trial judge in manifest error.
Counsel for plaintiff-appellant has presented a very persuasive brief with good citations of authority to the effect that contributory negligence cannot be presumed, but must be proved by the pleader with the same convincing clarity as any other affirmative plea. Bogasky v. Falsetta, 189 So.2d 98 (La.App. 1st Cir. 1966). Kern v. Bumpas, 102 So.2d 263 (La.App.2d Cir. 1958). Appellant contends that the defendant has failed to prove plaintiff’s contributory negligence and it can only be presumed from the fact that she did not clear the intersection. We find sufficient evidence to support the trial judge’s conclusion on this point and that he did not rely merely upon a presumption of contributory negligence.
Appellant has also cited several pertinent cases involving similar factual situations in which the courts held in substance that a motorist entering the intersection of a right of way street from the less favored street may, upon observing the stop or yield sign, then proceed across the favored street with the assumption that vehicles approaching on that street will observe speed restrictions and other rules of safety, and that a motorist relying on that assumption will not be held contributorily negligent for failure to estimate the other driver’s speed accurately. Thomas v. Checker Cab Company of New Orleans, 229 La. 1079, 87 So.2d 605 (1956); Steiner v. Employers Liability Assurance Corp., 182 So.2d 345 (La.App. 3rd Cir. 1966); Easter v. Davis, 153 So.2d 463 (La.App. 4th Cir. 1963).
The jurisprudential rule is equally well established that the test is not the actual speed but whether a motorist entering an intersection in front of an oncoming automobile acted as a reasonably prudent and cautious person under the circumstances. Zager v. Allstate Insurance Company, 211 So.2d 744 (La.App. 3rd Cir. 1968); Picataci v. Guittierez, 163 So.2d 130 (La.App. 4th Cir. 1964); Easter v. Davis, supra.
The application of these general rules depends on the circumstances peculiar to each case. In the present case we find sufficient evidential support for the trial judge’s conclusion that Mrs. Pierce did not act with the prudence and caution which the circumstances of this case would indicate to be reasonable.
The point of collision was at or near the center of the intersection which means that the front of the Pierce vehicle had traversed a little more than half the distance across Nashville Avenue. She started from a standing position at the curb line.
The Johnson youth is alleged to have told the investigating officer that he saw plaintiff start out into Nashville Ave. and that he tried to stop but could not do so. The trial judge was not unreasonable in his conclusion that plaintiff exercised poor judgment in proceeding from her position of safety into the path of the oncoming car when it should have been apparent to her that she could not clear the intersection safely.
The duty of a motorist entering a right-of-way street is to observe the STOP *553 or YIELD sign, but he is equally duty bound to not proceed into the intersection until he can safely do so without forcing an oncoming motorist on the favored street into an emergency situation. Shephard v. Checker Cab Company, 230 So.2d 343 (La.App. 4th Cir. 1970); Landry v. State Farm Mutual Automobile Ins. Co., 215 So. 2d 226 (La.App. 3rd Cir. 1968); Messana v. Allstate Insurance Company, 182 So.2d 93 (La.App. 4th Cir. 1966); Steiner v. Employers Liability Assurance Corp., supra.
The judgment appealed is affirmed at appellant’s cost.
Affirmed.