STOULIG, Judge.
This appeal involves a tort action for property damages arising out of an in-tersectional collision. From a judgment of $455 in favor of the plaintiff, the defendant has lodged this suspensive appeal. The quantum of damages having been stipulated, the only issues presented are the negligence and contributory negligence of the opposing drivers.
The undisputed facts are that plaintiff’s automobile was being driven on Kawanee Avenue, a two-way, two-lane street. Defendant’s truck was proceeding in a northerly direction on Power Boulevard, a four-lane major thoroughfare divided by a large neutral ground. Kawanee Avenue intersects Power Boulevard at a right angle, and the only control regulating the flow of traffic through the intersection is a stop sign on Kawanee.
According to the driver of plaintiff’s vehicle, as he drew abreast of Power Boulevard he brought his vehicle to a complete stop in obedience to.the posted traffic sign. While in a stopped position, he looked to his left and observed the defendant’s truck proceeding at a lawful rate of speed on Power Boulevard, at a distance which he .estimated to be from 200 to 250 feet. He did not again note the presence of the defendant’s truck until it was 20 feet from the intersection, allegedly traveling at an unlawful rate of speed, at which moment *248 his vehicle was midway across the northbound traffic lanes of Power Boulevard. As a result the left front of defendant’s truck collided with the left rear quarter panel of plaintiff’s automobile.
Opposed to the foregoing, the defendant’s driver testified that he was proceeding in the left lane of traffic on Power Boulevard at approximately 35 to 40 miles per hour. Immediately ahead and in the adjacent traffic lane was an automobile with its turn indicator signalling the intention to make a right turn. Upon the entry of the turning vehicle into Kawanee Avenue, the Crandall automobile left its position of safety and attempted to dart across the intersection. Despite the evasive action of swerving to his right, the truck driver was unable to avoid striking the left rear of the plaintiff’s automobile. The truck driver acknowledged that he previously observed the Crandall vehicle in a stopped position and testified. he had no reason to anticipate that the driver of plaintiff’s vehicle would attempt to traverse the intersection when he did.
The trial court found as a matter of fact that the accident was occasioned solely and directly by the excessive speed of the defendant’s truck.
We shall first consider the issue of plaintiff’s contributory negligence, for if it is determined that the driver of plaintiff’s automobile was at fault which efficiently contributed toward the occurrence of the accident, then plaintiff is barred from recovering his property damage regardless of the negligence vel non of the defendant’s employee.
It is the well-settled jurisprudence of this State that a motorist approaching a stop sign at an intersection has two legal duties: first, he must bring his vehicle to a complete stop; and second, he must not undertake to traverse the intersection until he has sufficient time and distance to safely do so without causing damage to approaching vehicles on the favored thoroughfare. LSA-R.S. 32:123; Shephard v. Checker Cab Company, 230 So.2d 343 (La.App. 4th Cir. 1970); Landry v. State Farm Mutual Automobile Insurance Company, 215 So.2d 226 (La.App. 3d Cir. 1968); American Road Insurance Company v. Irby, 203 So.2d 427 (La.App. 2d Cir. 1967).
To avoid confusion we observe that a factual distinction exists between this case and Thomas v. Checker Cab Company of New Orleans, 229 La. 1079, 87 So.2d 605 (1956), and Barry v. Billac, 250 So.2d 516 (La.App. 4th Cir. 1971). In these latter cases the motorists on the inferior streets were required to partially enter the intersection in order to observe approaching traffic because of their limited or obstructed view. Such a circumstance did not exist in the present case.
Thus under this principle of law, Cran-dall had two explicit obligations to fulfill before attempting to cross the northbound lanes of Power Boulevard. He complied with his first obligation by bringing his vehicle to a full stop in obedience to the posted traffic sign. In attempting to fulfill his second duty of properly evaluating existing traffic conditions in/the northbound lanes of Power Boulevard, he looked to his left for approaching vehicles and observed the presence of the defendant’s truck some 200 to 250 feet distant. Thereafter he did not again visually survey traffic approaching from his left until his automobile was midway in the northbound lanes and the defendant’s truck was some 20 feet away. Crandall’s failure to maintain a reasonably continuing observation of the movement of the approaching truck constituted a breach of the duty necessary to insure that he could safely traverse the intersection without causing damage to approaching traffic. In this respect Crandall failed to act as a prudent man under the circumstances in that he unreasonably assumed his initial observation was sufficient to accommodate his action of passing through the intersection. Unquestionably, had Crandall maintained even the most *249 casual recurring surveillance of the defendant’s truck, he could have fulfilled his obligation to approaching traffic on the favored thoroughfare.
Our careful analysis of all of the testimonial evidence, even in a light most favorable to the plaintiff, convinces us that the driver of the plaintiff’s automobile was guilty of negligence in failing to maintain a reasonable observation of the oncoming defendant’s truck necessary to avoid his untimely entry into the intersection. Such action constitutes negligence which efficiently contributed toward the occurrence of the accident.
In view of our finding that Crandall was guilty of contributory negligence barring plaintiff’s right to recovery, no need exists to consider the issue of defendant’s negligence.
For the foregoing reasons the judgment of the trial court in favor of the plaintiff is reversed and judgment is rendered in favor of the defendant rejecting the plaintiff’s demand. All costs of this appeal are to be borne by plaintiff-appellee.
Reversed and rendered.