SCHOTT, Judge.
This case arose out of an automobile accident which occurred at the intersection of Magazine and Race Streets in the City of New Orleans at about 2:00 AM on February 6, 1966. Plaintiffs Nicholas Leggio and his father, Charles Leggio, were together awarded the sum of $5,000 against their own insurer, Millers Mutual Fire Insurance Company, under the uninsured motorist’s provisions of its policy of insurance and against the uninsured motorist, defendant Elmer E. Andrews. Plaintiffs were also awarded judgments for additional amounts against defendant Andrews alone, and Millers was awarded judgment on its third-party demand against Andrews for the $5,000 it was cast unto plaintiffs. Only Millers has appealed from the judgment.
The undisputed facts are that prior to the collision Andrews had been operating his automobile in an uptown direction on Magazine Street, a 38 foot wide 4-lane thoroughfare restricted for traffic travel *545 ing in an uptown direction. Nicholas Leg-gio had been operating the automobile owned by his father, Charles Leggio, on Race Street in the direction of the lake, and upon reaching the intersection with Magazine Street was confronted with a stop sign requiring him to stop and yield the right-of-way to traffic on Magazine Street. The impact between the two vehicles occurred about 14 feet from the river side of Magazine Street and the points of impact on the two vehicles were the right front of the Andrews automobile and the right rear quarter panel of the Leggio automobile. Forty-eight feet of skid marks were found behind the Andrews vehicle.
Leggio testified that he stopped at the stop sign, then pulled up so as to see around an automobile parked on the downtown river side of the intersection, saw a car approaching about a block away, started to cross the street, got into the intersection, heard the squealing of brakes, turned to look again to his right, then tried to speed up to get out of the way of the other automobile which was then upon him and the collision followed momentarily. Andrews admitted that he was traveling at 40 miles per hour in this 30-mile per hour zone, saw the headlights of the vehicle on Race Street, and then saw the Leggio automobile enter the intersection ahead of him when he was but 80 feet away from the vehicle. He applied his brakes but was unable to avoid striking the other car. Likewise, he was unable to go around the rear of the Leggio„car because of the automobile parked on the downtown river side of the intersection.
The trial judge concluded that the sole proximate cause of the accident was the negligence of Andrews and exonerated Leggio from fault. If Leggio was guilty of contributory negligence which was a proximate cause of the accident he and his father are barred from recovery against Millers. From our review of the record, we are convinced that the trial judge’s exoneration of Leggio from negligence constituted manifest error and we reverse his decision on that basis.
It is clear that the Leggio automobile had proceeded from a stopped position only to the approximate middle of Magazine Street when the impact occurred. This renders his testimony incredible that Andrews was a block or 300 feet away when he started across. On the other hand, the skid marks laid down by the Andrews vehicle corroborate his testimony that he was about 80 feet from Leggio when he found it necessary to stop, making allowances for some reaction time. If this time period was y$ of a second the Leggio vehicle would have gone approximately 34 feet before the actual application of the brakes took place, with the corresponding 48 feet of skid marks before impact. This was a clear night, the street was lighted and Andrews’ headlights were working. The conclusion necessarily follows that Leggio should have seen Andrews approaching and should have remained in his position of safety on Race Street until Andrews had passed. See Pierce v. Coltraro, 252 So.2d 550 (La.App. 4th Cir.1971) and Continental Insurance Company v. Duthu, 235 So.2d 182 (La.App. 4th Cir.1970).
Accordingly, the judgment appealed from is reversed and there is judgment in favor of Millers Mutual Insurance Company against Nicholas Leggio and Charles Leggio, dismissing their suit at their cost including the cost of this appeal.
Reversed and rendered.