HENRY F. TURNER, Judge pro tem.
This is a suit for damages for personal injuries alleged to have been sustained by plaintiff as the result of a collision between a gasoline motor bus owned by New Orleans Public Service, Inc., and an automobile.
The accident was alleged to have occurred at the intersection of Royal and Conti Streets in the section of New Orleans known as the Vieux Carré. The plaintiff alleged that the bus of the defendants, upon which she was riding as a paid passenger, was proceeding toward Canal Street on Royal Street and that it was struck on its right side at about the front door by an automobile traveling toward the river on Conti Street. She alleged that when the collision occurred, the driver of the bus, also made a defendant herein, applied the brakes to the bus in such a manner that she was catapulted or thrown out of her seat onto the floor of said vehicle, causing the injuries and resulting damages claimed by her. She alleged that the act of the bus driver constituted negligence which entitles *131 lier to recover her damages. The driver of the automobile which ran the stop sign on Conti Street and into the bus was not made a party defendant.
The intersecting streets in the section known as the Vieux Carré have stop signs, making Royal the superior street. On the occasion of this accident which happened about 11:00 a. m. on June 21, 1961, the bus was proceeding toward Canal Street in a normal fashion and at a very low rate of speed, estimated to be eight to ten miles per hour. When the driver reached the intersection of Royal and Conti, his view was obstructed to the right by a building on the corner. However, when he reached the point in the intersection where he could see to his right, he saw the car which later struck his bus about seventy-five or eighty feet away. He assumed that the car, which in his estimation was not traveling at an excessive rate of speed, would obey the stop sign and stop and permit him to complete his crossing in safety. The automobile, however, for some unexplained reason, did not honor the stop sign but, in violation thereof, proceeded into the intersection without stopping and struck the bus. From the evidence, it appears that the impact was light, and negligible damage was done to the bus and minor or slight damage to the automobile.
Plaintiff rests her case on the theory of law that a common carrier is under a duty to deliver its paying passengers safely to their destination, and that when such is not done, the fact of the accident and injury places the burden of proof on the operator of the carrier to extricate himself by showing that he was free from negligence.
The District Judge found that there was no negligence on the part of the driver of the bus and dismissed plaintiff's suit, from which judgment she has appealed to this Court. In his Reasons for Judgment, the District Judge stated:
“The Court is constrained to find from all the evidence presented that the bus driver was proceeding on Royal Street in a careful and prudent manner; that he, upon approaching Conti Street, slowed his bus to approximately ten miles per hour; that he indulged in the presumption given to him under the jurisprudence that the automobile approaching Royal on Conti Street would stop and not proceed into Royal Street; that the bus driver fully discharged his duty and exerted special care imposed by law on public carriers, and that the sole and proximate cause of the accident and resultant injury to the plaintiff was the negligence of the driver of the automobile proceeding on Conti Street. To hold otherwise, the bus drivers in the Vieux Carré would be required to come to a complete stop at every intersection.”
With this finding we thoroughly agree.
Concededly, as a common carrier, a bus driver must use the highest degree of care in transporting its passengers. He is not, however, an insurer of their safety, Cox v. Toye Bros. Yellow Cab Co., La.App., 144 So.2d 448.
Negligence vel non of the bus is governed by the “prudent driver” rule:
“In Blevins v. Drake-Lindsay Co., La.App., 144 So. 257, the court said:
“If an automobile driver, acting as a reasonable, cautious, and prudent person, and not being aware that a car he sees at some distance away is exceeding the speed limit, believes that he will be able to drive over an intersection in safety, it is not negligence in him to proceed to cross the intersection. A driver is not required to do what often is an impossibility, that is, to determine whether or not an approaching automobile on another street is violating *132 the speed limit. As stated, the test is not the actual speed which the other car is making, but rather whether or not the driver of the car attempting to cross the intersection in front of oncoming car, acted as an ordinary, prudent, reasonable, and cautious person would have done under similar circumstances.
>ji s|< ‡ sjs *
“In Sweeney v. New Orleans Public Service, La.App., 184 So. 740, it was held that, where bus driver, approaching intersection, looked to the right and seeing no approaching traffic within 70 or 80 feet of the intersection, proceeded to cross at a lawful rate of speed, bus driver pre-empted the intersection, and was. not negligent as respects bus company’s liability for injuries to automobile guest who was injured when automobile struck rear end of bus as it was crossing intersection.”
 Plaintiff does not contend that she was injured as a result of the collision but as a result of the sudden stopping of the bus. When a person is confronted with a sudden emergency, even the operator of a public conveyance, he is not held to the same degree of care and cool reflection required of a person not under the stress of an emergency situation. Had the driver, when he looked to the right and saw the approaching car some seventy-five to eighty feet away, realized the imminent danger of proceeding into the intersection and applied his brakes, the same injuries would have no doubt resulted, and in that situation the driver would not have been negligent. He had a right to assume that the automobile on the less favored street would obey the law as to speed and stopping.
Finding no negligence on the part of the operator of the bus, the judgment of the District Court is, therefore, affirmed at appellant’s costs.
Affirmed.