LANDRY, Judge.
Plaintiff, Avis Rent-A-Car System, Inc., lias taken this appeal from the judgment of the trial court dismissing and rejecting its demands against defendant, Mrs. Tommie Berthiaume for stipulated damages in the sum of $236.69 sought in recompense for property damage sustained as the result of an automobile collision in which a vehicle driven by defendant crashed into the rear of an automobile owned by plaintiff and operated at the time by appellant’s bailee for hire, Raymond deWolfe.
The accident occurred at approximately 11:00 A.M., September IS, 1963, near Man-deville, Louisiana, on U. S. Highway 190, a hard surfaced two lane thoroughfare. Three vehicles, all proceeding westerly, were involved when the lead vehicle, a 1961 Falcon automobile, being driven by Mrs. Billie C. Langenhenning stopped in its proper lane after giving the appropriate signal for an intended left turn. There is a marked dispute between plaintiff and defendant concerning the sequence of events which ensued after Mrs. Langenhen-ning came to a stop to permit the passage of eastbound vehicles before making her left turn.
Plaintiff contends its bailee brought his vehicle to a normal stop behind that of Mrs. Langenhenning who likewise stopped her vehicle in a safe, normal and reasonable manner and that Mrs. Berthiaume, following behind deWolfe, negligently and carelessly ran into the rear of appellant’s stopped automobile, propelling it into contact with the back end of Mrs. Langenhen-ning’s car.
On the other hand, defendant maintains that she and not deWolfe was immediately behind the Langenhenning car, and just before Mrs. Langenhenning stopped de-Wolfe sped ahead of defendant’s automobile, cut sharply back into the westbound lane and made an emergency stop behind the Langenhenning car leaving insufficient intervening space to permit her to either stop or change her course to avoid a collision.
In addition to dismissing plaintiff’s demands, the learned trial court also rejected the third party complaint of defendant, Mrs. Berthiaume against deWolfe and Mrs. Langenhenning. Since defendant has not appealed the rejection of her third party demand, the only issue before us on appeal is the contention of plaintiff that the lower court erred in rejecting its main demand.
Mr. deWolfe testifed he was proceeding along the highway following Mrs. Langen-henning at a speed of approximately 45 miles per hour when Mrs. Langenhenning signalled a left turn and brought her vehicle to a normal, gradual stop in the westbound lane to await the passage of eastbound vehicles. According to deWolfe he also came to a normal stop approximately eight feet behind Mrs. Langenhenning in the westbound lane and remained so for about five to ten seconds when he heard the screeching of brakes behind him and looked into his rear view mirror in time to see defendant’s vehicle at just about the instant it ran into the rear of his stationary automobile.
As previously indicated defendant testified she was immediately behind Mrs. Lan-genhenning and while some distance away observed Mrs. Langenhenning’s left turn signal. At this time deWolfe, who had been following her, speeded around her car, cut back sharply to his right and came to a sudden stop to the rear of the Langenhenning car but too short to provide suffficient space for her to stop or veer to the left, both of which maneuvers she attempted without success. Mrs. Berthiaume’s version of the accident is corroborated by the testimony of her guest passenger, Mrs. Paula Crawford.
In essence Mrs. Langenhenning testified she entered Highway 190 from Jackson Street approximately 500 feet east of the point of impact. She was followed the whole time she was driving along Highway 190 by the deWolfe automobile which *107 was directly to her rear. While she did not expressly so testify, the clear import of her evidence is that when she came to a stop deWolfe also brought his vehicle to a normal stop behind her.
The only other witness to testify was Sgt. Floyd Collins, Louisiana State Trooper, who arrived at the scene after the respective automobiles had been moved. He established, however, that no skid marks were left by either the Langenhenning or deWolfe vehicles whereas sixty-nine feet of tire marks were left on the dry hard surfaced highway by defendant’s car.
From the foregoing, which represents a fair analysis of the testimony, it is apparent that purely factual questions are to be determined by the present appeal.
While the appellate courts are loath to reverse the findings of a trial court on factual issues, nevertheless it is the duty of the reviewing tribunal to set aside a factual determination of a court of original jurisdiction when such conclusions are patently contrary to the evidence of record. Our learned brother below rejected plaintiff’s demands on the ground that appellant had failed to prove its case by a preponderance of evidence as required by law. It is clear from his oral reasons appearing of record that he was impressed by the fact that he considered defendant’s version of the accident equally as plausible as that of plaintiff and defendant’s witnesses standing unimpeached, he dismissed plaintiff’s action.
In so concluding, we believe our able brother below fell into error. After careful consideration of the evidence we are of the opinion that defendant’s version of the accident is contrary to and inconsistent with the established physical facts. Additionally, the account of the mishap as related by appellee and her witness presents a most improbable if indeed not impossible occurrence.
We believe the present matter falls within the principle announced in Motors Insurance Corporation v. Marquette Casualty Co., La.App., 162 So.2d 47, wherein the physical facts were deemed more convincing evidence in plaintiff’s favor than was defendant’s testimony in her own behalf. We are of the further opinion that in the case at bar the physical facts must also control inasmuch as they establish that the version of the accident related by deWolfe and Mrs. Langenhenning is the only reasonable and logical explanation of the manner in which the accident could have occurred.
It appears elementary that if deWolfe were passing defendant as appellee maintains, his speed must necessarily have been greater than that of Mrs. Berthiaume. Otherwise he could not have passed Mrs. Berthiaume’s automobile. Notwithstanding this inevitable assumption attending defendant’s version of the accident, appel-lee urges that we find as a fact that de-Wolfe nevertheless was able to stop his vehicle in time to avoid striking the Lan-genhenning vehicle in the rear. At the same time appellee suggests we find that she, traveling at a lesser speed was unable to avoid running into the rear of plaintiff’s automobile despite application of her brakes in time to leave 69 feet of skid marks preceding the impact with the back end of appellant’s car.
We consider plaintiff’s version of the accident patently more plausible and reasonable. It is uncontroverted that de-Wolfe’s vehicle left no skid marks. This important physical fact accords with his testimony, corroborated by that of Mrs. Langenhenning, that he came to a slow gradual stop and did not stop sharply or abruptly as contended by defendant. Had deWolfe been proceeding as argued by defendant, he would of necessity have been forced to make a sudden or emergency stop.
We are convinced that if deWolfe did in fact pass defendant he had safely conducted such maneuver and was following along behind Mrs. Langenhenning at a lawful rate of speed and in a reasonable manner *108 at every point of time bearing any relation to the accident in question.
In addition we conclude that, as charged by appellant, the sole proximate cause of the accident was the negligence of defendant in following too close, failing to maintain a proper lookout and neglecting to stop her vehicle in time to avoid running into the rear of plaintiff’s automobile which came to a lawful stop behind the left turning motorist ahead.
i For the reasons herein assigned, it is ordered, adjudged and decreed the judgment of the trial court dismissing and re-j ecting plaintiff’s demands be and the same is hereby annulled, reversed and set aside and judgment rendered herein in favor of plaintiff, Avis Rent-A-Car System, Inc., and against defendant, Mrs. Tommie Ber-thiaume, in the full sum of $236.69, together with legal interest thereon at the rate of five (5%) per cent per annum from date of judicial demand, until paid, and all costs of these proceedings.
Reversed and rendered.