250 So.2d 516 (1971)
Dennis A. BARRY
v.
Gerald B. BILLAC and the Employers Liability Assurance Corporation, Limited.
No. 4564.
Court of Appeal of Louisiana, Fourth Circuit.
July 15, 1971.
*517 John J. Cummings, III, Robert G. Heller, Sidney F. Rothschild, Edwin A. Stoutz, Jr., New Orleans, for plaintiff-appellant.
Wicker, Wiedemann & Fransen, A. Remy, Fransen, Jr., New Orleans, for defendants-appellees.
Before REDMANN, GULOTTA and BOUTALL, JJ.
GULOTTA, Judge.
This is an appeal by plaintiff from an adverse jury verdict dismissing his suit in damages for injuries received as a result of an automobile accident.
The facts are that Dennis Barry, plaintiff, was driving a 1964 Oldsmobile automobile on Midway Street in the direction of the river in Jefferson Parish on November 5, 1967, at approximately 9:30 p. m. Dennis Barry, II, plaintiff's thirteen-year-old son, was seated in the front passenger seat with his father at the time.
After having stopped for a stop sign on Midway Street at its intersection with Jefferson Highway, plaintiff proceeded across the Kenner-bound traffic lane of Jefferson Highway and into the neutral ground area which divides traffic on Jefferson Highway traveling in the direction of New Orleans from that traveling in the direction of Kenner.
After plaintiff had negotiated a left turn onto Jefferson Highway and while traveling thereon in the direction of New Orleans, his car was struck in the right rear by another automobile driven by the defendant, Gerald Billac, traveling in the same direction on Jefferson Highway. The location of the vehicles, the speed of the defendant's automobile, as well as the distance traveled by both vehicles after impact are questions of fact in issue in determining whether the jury committed manifest error in dismissing plaintiff's suit.
It is apparent from the evidence and from the inquiry by the jury seeking clarification of that portion of the general charge of the judge relating to contributory negligence that the jury found that the acts of defendant constituted negligence and that the act of plaintiff constituted contributory negligence. The issue before us therefore is whether or not the jury committed manifest error in finding that plaintiff was contributorily negligent and that his contributory negligence constituted a proximate cause of the accident.
Plaintiff's version of the accident is that while in the neutral ground area dividing the traffic lanes of Jefferson Highway, he observed no traffic traveling on the New Orleans-bound lane between Sauve Road, a distance of approximately four blocks on the Kenner side of the intersection, and his automobile, whereupon he negotiated a left turn into Jefferson Highway, entered the right traffic lane, and proceeded toward New Orleans. At a point approximately one hundred fifty feet on the New Orleans side of the intersection plaintiff's car was struck in the rear by the Billac automobile while the latter vehicle was skidding sideways out of control, after which the Billac car came to a stop upon striking a mailbox post adjacent and to the right of the highway, a few feet from the point of impact.
Defendant's version of the events is that he was proceeding on Jefferson Highway, admittedly at a speed in excess of the speed limit,[1] after having entered the highway from Sauve Road and that the Barry automobile came unexpectedly in front of Billac into the highway. As a result, Billac found himself immediately upon the Barry vehicle, whereupon Billac applied his brakes in an effort to avoid a collision.
*518 He contends that the accident occurred approximately twenty-one or twenty-eight feet or one to three car lengths from the intersection of Midway Street and Jefferson Highway and that after the impact his automobile continued down the highway until it came to a stop at the mailbox approximately one hundred fifty feet from the intersection. Billac's account would place the position of the Barry car at the point where Barry was either negotiating the turn or had completed the turn into the left lane or middle of the highway immediately prior to the impact.
It is apparent after a careful review of the record, including the testimony of the witnesses, as well as the physical surroundings, that the accident actually occurred at a point about one hundred fifty feet from the intersection in close proximity to the mailbox.
State Police Officer Raymond Junkin who investigated the accident testified that the skid marks left by the Billac automobile commenced approximately fifty feet on the Kenner side of the intersection of Midway and Jefferson Highway and continued down the highway in the direction of New Orleans for a distance of 272 feet up to the mailbox. Dennis Barry, II, the son of the plaintiff, stated that the impact occurred just beyond the mailbox.
Plaintiff, Dennis Barry, testified that the accident happened at a point in the highway where the mailbox was located. Barry estimated the distance from the intersection of Midway and Jefferson Highway to the mailbox to be one hundred forty feet.
It is significant that two disinterested eye witnesses corroborated the testimony of the plaintiff and his son that the impact occurred just about at or slightly before the mailbox while the Barry car was traveling in the right traffic lane. One of those witnesses was Norma Sievert, who was driving her automobile in the direction of Kenner on the highway in the opposite direction from that being driven by Barry and Billac. She heard the skidding of the Billac car and saw it strike the rear of the Barry vehicle after sliding sideways down Jefferson Highway. She was approximately fifty feet on the New Orleans side of the intersection when she heard the skidding. She stated further that she saw the Barry automobile turn from Midway into the highway into the right traffic lane, and after the collision the Barry car came to a stop about four or five car lengths down the highway. This account is also corroborative of the testimony of plaintiff and plaintiff's son.
Joanne Croll, a passenger in the automobile driven by Miss Sievert and the other disinterested witness, placed the point of impact at the same location as did plaintiff and Miss Sievert. Her testimony was at variance in part to the other witnesses, however, in that she stated that the Billac car came out of Midway Street or some other side street close to Midway and into Jefferson Highway but after turning went out of control. There is no variance, however, in her testimony as to the point of impact, the factual issue for our determination.
Defendant in contending that the accident occurred approximately twenty-one feet from the intersection and not 150 feet, as contended by plaintiff, relies almost entirely on the testimony of Officer Junkin that he noticed debris on the highway 21 feet on the New Orleans side of the intersection, indicating that the impact occurred at this point. He testified that the debris was in the neutral ground lane; however, Billac testified that he thought the Barry vehicle was stopped in the right traffic lane prior to the impact. It is significant further that none of the witnesses, including the occupants of both vehicles involved in the collision as well as the disinterested witnesses, corroborated the presence of debris. While Officer Junkin stated he saw 130 feet of skid marks from the Billac automobile to the debris and 120 feet of skid marks between the mailbox *519 and the debris, he was not able to describe or identify the nature of the debris to indicate that it resulted from this accident. It is noteworthy that neither Billac nor Max Fisher, an occupant in the defendant's car, remembered seeing any debris; and, according to the testimony of both parties, neither looked for any debris. This unfounded contention of the defendant hardly needs any further elaboration.
The length of the skid marks, the admittedly excessive rate of speed of the defendant, and the distance which the Billac car traveled out of control leads us to the conclusion that Billac was operating his automobile in an extremely careless and reckless manner.
We do not find that the actions of the plaintiff were such as to constitute contributory negligence which was a proximate cause of the accident thus barring his recovery.
The testimony of plaintiff and his son that each saw no approaching traffic between Sauve Road (a distance of approximately four blocks) and the intersection with Midway prior to turning left into the highway is supported by the testimony of the defendant that he entered the highway from Sauve Road at the signal light. The extremely fast rate of speed of the Billac vehicle, which we believe was well in excess of the speed admitted to by the defendant, lends credence to the plaintiff's version of the accident and where the point of impact occurred.
Defendant's testimony that he thought plaintiff's automobile was stopped in the right traffic lane when in fact the evidence showed that plaintiff was traveling at between twenty or twenty-five miles per hour attests to the reckless rate of speed at which the defendant was approaching the plaintiff's car. The fact is that defendant's car was not yet on Jefferson Highway when the Barry car commenced to negotiate the turn.
The test of the responsibility of the driver of an automobile in entering a favored street is not the actual speed he was going but whether the motorist entering an intersection in front of an oncoming automobile acted as a reasonably prudent and cautious person would have done under the circumstances. Easter v. Davis, 153 So.2d 463 (La.App. 4th Cir. 1963); Picataci v. Guittierez, 163 So.2d 130 (La.App. 4th Cir. 1964); Zager v. Allstate Insurance Company, 211 So.2d 744 (La.App. 3rd Cir. 1968). We feel plaintiff acted cautiously under the circumstances and complied with the "prudent driver" rule.
It is settled jurisprudence in this state that a motorist who enters the intersection of a right of way street from the less favored street may, upon observing the yield or stop sign, then proceed across the favored street and assume that vehicles approaching on that street will observe the speed limit, and that a motorist relying on that assumption will not be held contributorily negligent for his failure to accurately estimate the other driver's speed. Steiner v. Employers Liability Assurance Corporation, 182 So.2d 345 (La.App. 3rd Cir. 1966); Thomas v. Checker Cab Company of New Orleans, 229 La. 1079, 87 So.2d 605 (1956).
In view of the jurisprudence, we find that plaintiff properly discharged his responsibility as a motorist entering an intersection and was not therefore contributorily negligent. Barry did that which was incumbent upon him to do. The sole and proximate cause of this accident and resulting injury was clearly the negligence of the defendant and his careless operation of the vehicle.
The verdict of the jury dismissing the plaintiff's suit was manifestly erroneous. The rule is well rooted that the findings of fact by the trial judge or jury are not to be disturbed or set aside unless manifestly erroneous; however, where the judgment of the trial court is clearly against the weight of the evidence, it is the *520 duty of the appellate tribunal to set it aside. Godfrey v. Baton Rouge Recreation & Parks Com'n, 213 So.2d 109 (La.App. 1st Cir. 1968); writ refused 252 La. 958, 215 So.2d 128; Dixon v. Vicksburg, S. & P. Ry. Co., 139 La. 329, 71 So. 527 (1916); Avis Rent-A-Car System, Inc. v. Berthiaume, 188 So.2d 105 (La.App. 1st Cir. 1966).
The plaintiff's contention that the trial judge erred in refusing to charge the jury on gross fault, slight fault, and very slight fault according to the definitions as set forth in LSA-C.C. Art. 3556(13) is without merit. We concur with the trial judge that the requested charge is not applicable because this case involves a question of contributory negligence which constitutes a proximate cause of the accident and does not involve very slight fault on the part of the plaintiff. The cited codal provision is clearly inapplicable and thus was properly disregarded by the trial judge. Hence, the trial judge did not commit error in his refusal to grant the special charge.
As a result of the accident, plaintiff suffered pain and discomfort in the neck, head, and stiffness in the left forearm, as well as numbness of the left leg. He saw Dr. Elmo J. Cerise two days after the accident. Dr. Cerise prescribed heat applications to the areas of pain as well as a muscle relaxant and pain relievers. At this time there was no manifestation of pain in the lower back or in the left wrist. After a period of about three weeks the pain in the neck area subsided and the headaches no longer bothered plaintiff. Subsequently, Barry complained of discomfort in the lower back and pain in the left wrist and saw Dr. Ray Haddad, a specialist in the field of orthopedics, in October, 1968. Dr. Haddad diagnosed some tightness in the back and some dorsal spurring over the second carpal, metacarpal joint of the hand, causing pain in the area of the index finger and thumb.
Plaintiff contends that the spurring resulted from the trauma caused in the accident while he was supporting himself with his left hand on the dashboard at the time of impact. However, the testimony of Dr. Haddad, Dr. Raymond Kitziger, and Dr. H. V. Cummins, all of whom had seen the plaintiff relative to complaints of back and wrist pain subsequent to the accident, left much to be desired in proving by a preponderance of the evidence that the accident herein caused those complaints. The evidence in this respect was of a conjectural and speculative nature. Consequently, we are of the opinion that the sum of $2,000 for pain and suffering is adequate compensation for the injuries received by the plaintiff. In addition, plaintiff is entitled to receive special damages in the sum of $293.15 which the record discloses were incurred by plaintiff in the following particulars:

Dr. Elmo J. Cerise $10.00
Dr. Ray Haddad 68.00
Touro Hospital 106.00
Prescriptions 43.15
Unpaid bill of Dr. Haddad 66.00

Since the automobile driven by plaintiff was not owned by him and plaintiff suffered no loss of earnings from his injury, those damages were not the subject of a claim herein and shall not be considered.
For the reasons cited, it is ordered that the judgment of the trial court dismissing plaintiff's suit at his cost is hereby reversed and set aside and that judgment is rendered in favor of plaintiff, Dennis Barry, and against Gerald Billac and the Employers Liability Insurance Corporation in the sum of $2,293.15 with interest from date of judicial demand. Costs to be paid by defendants-appellees.
Reversed and rendered.
REDMANN, Judge (concurring).
I would accept the investigating officer's debris testimony but still hold plaintiff free *521 of contributory negligence because not obliged to gauge the speed of a driver so far away that the favored street could safely be entered if the distant driver's speed is within reason.
The only cause of this accident was defendant's grossly excessive speed, which plaintiff should not be held to have to anticipate and guard against. See Thomas v. Checker Cab Co. of N.O., 229 La. 1079, 87 So.2d 605 (1956).
NOTES
[1] The speed limit was 45 miles per hour on Jefferson Highway at that time.