CULPEPPER, Judge.
Plaintiff seeks damages for personal injuries sustained in an automobile accident. He was driving a vehicle which was struck at an intersection by an automobile driven by Larry T. Keene, minor son of the defendant, Roy W. Keene, who was insured by the defendant, State Farm Mutual Automobile Insurance Company. From an adverse judgment, defendants appealed.
The decisive issue is whether the accident was caused solely by the excessive speed of Keene, who was on the favored street.
The accident occured at the intersection of Iris and Hodges Streets in the City of Lake Charles. Hodges is a one-way street with two lanes for traffic traveling in a southerly direction. At the time of the accident, Iris was a two-way street running generally east and west. There were stop signs for traffic on Iris entering Hodges. The accident occurred at about 11:00 a. m. on a clear, dry day.
Mr. Nagem was driving east on Iris and stopped for the stop sign at Hodges. He testified he looked and saw Keene’s car at the intersection of Kirby and Hodges Streets one block to the north. Assuming that Keene was traveling within the speed limit of 35 miles per hour on Hodges Street, and that he had ample time to cross in safety, Nagem entered the intersection. When Nagem’s vehicle reached a point in the southeast quadrant of the intersection, it was struck on the left side by the front of the automobile driven by Keene.
Larry Keene testified that he was traveling south on Kirby Street at a speed of about 35 miles per hour, and that when he reached a point approximately 75 feet from Iris Street, he saw the Nagem vehicle for the first time as it entered the intersection. Keene says he immediately applied his brakes and skidded, but was unable to avoid striking the Nagem vehicle broadside in the intersection.
The city police who investigated the accident measured the skidmarks left by Keene’s vehicle as follows: Right front wheel — 50 feet 8 inches; left front — 36 feet 10 inches; right rear — 89 feet 7 inches, and left rear — 62 feet 10 inches. The length of these skidmarks, together with the distance which Keene probably traveled during the reaction time necessary for him to apply his brakes, indicate that Keene was more than 75 feet from the intersection when he first saw the Nagem automobile.
Mr. Charlie Johnson testified that he was driving south on Hodges and stopped at the traffic signal at the corner of Kirby and Hodges, one block north of Iris Street. He says that while he was stopped for the red light, a vehicle passed him at a high rate of speed and ran the red light going south on Hodges. A few moments later he heard the collision. This testimony of an independent witness indicates excessive speed on the part of Keene.
Furthermore, Mr. L. B. McDonald testified that he was standing in front of a building on Iris Street about one-half block from the intersection and heard Keene’s tires squealing. Although he did not observe the Keene automobile before impact for a sufficient time to estimate its speed, he did state that “From the obvious impact and the evidence that was available there in the intersection following the accident, there was some indication that he was going at a fast rate of speed.”
Plaintiff also introduced the testimony of Dr. William H. Tonn, an expert in accident reconstruction. Based on the length of the skidmarks left by the Keene vehicle, the nature of the street surface, the tire treads, the weights of the vehicles, the severity of the impact, and the fact that the Nagem automobile was shoved about 18 feet to the south by the force of the collision, Dr. Tonn estimated that, giving Keene every benefit of the doubt, he was traveling at least 42 miles per hour.
*355 Based on this evidence the trial judge correctly concluded:
“The court concludes it was Keene’s excessive speed and his failure to maintain a proper lookout that caused the accident and that there was no negligence on the part of the other driver. Nagem saw Keene a sufficient distance away to have had ample time to cross, had Keene’s car been observing the speed limit. Nagem had a right to assume Keene was traveling at a lawful speed.”
This case falls within the rule of Thomas v. Checker Cab Company of New Orleans, 229 La. 1079, 87 So.2d 605 (1956), where the plaintiff, who was the unfavored motorist, was struck at an intersection by a taxi cab which was traveling at an excessive speed on the right of way street. The court held:
“Thomas was not called upon to anticipate that a vehicle approaching from his right would be operated at an unlawful rate of speed and in an improper manner. Having preempted the intersection after stopping, looking, and ascertaining that there was no apparent danger, he had the right of way over a vehicle (the taxicab) approaching from his right, even though this vehicle was being operated on a right-of-way street. Booth v. Columbia Casualty Co., 227 La. 932, 80 So.2d 869, and authorities therein relied on.”
See also Gauthier v. Fogleman, 50 So.2d 321 (La.App. 1st Cir. 1951); Duane v. Toye Bros. Yellow Cab Company, 148 So.2d 451 (La.App. 4th Cir. 1963); Barry v. Billat, 250 So.2d 516 (La.App. 4th Cir. 1971) and Steiner v. Employers Liability Assurance Corp., 182 So.2d 345 (La.App. 3rd Cir. 1966).
Defendants contend further that the award of $10,000 in general damages was excessive. They say the amount should not exceed $5,000. The facts are that plaintiff is a 72 year old man who suffered a fractured pelvis and four fractured ribs. He was hospitalized for 22 days. Then he remained in bed at home for several weeks. His activities were restricted for two or three additional months. During all of this period, plaintiff’s pain and suffering were substantial. The total medical expense was $1631. We conclude the evidence amply supports the award.
For the reasons assigned, the judgment appealed is affirmed. All costs of this appeal are assessed against the defendants appellants.
Affirmed.