STOULIG, Judge.
This is an appeal from a judgment rendered in two consolidated cases arising out of a multiple car collision, the main thrust of which is the liability of the appellant for contribution to its remaining codefend-ants.
Suits were filed by Mrs. Marie Therese D’Amico, owner-driver, for damages sustained when her automobile was rear-ended; and by Louis C. Hughes, a passenger in the D’Amico car. Made defendants were Shell Oil Company, owner of the second car (the automobile that struck plaintiff’s car); Leo Doyle, its driver; and Travelers Insurance Company, Shell’s insurer. Also joined as a defendant was *280 Lumbermens Mutual Casualty Company by plaintiff Hughes in its capacity as the liability carrier of Mrs. D’Amico and by plaintiff D’Amico under the uninsured motorist provision of her policy should Thomas Tarver,[1] driver of the third vehicle, be uninsured and guilty of negligence in causing the accident.
On a finding that the drivers of the second and third cars were both negligent, judgment for $3,552.37 was rendered in favor of Mrs. D’Amico and for $1,091.82 in favor of Louis Hughes. All of the defendants are cast in judgment jointly, severally and solidarily. These judgments were paid by Travelers as is evidenced by a satisfaction of judgment filed in the record, which contains a reservation of the right to demand contribution from the codefendant Lumbermens.
This appeal on behalf of Lumbermens presents the following issues for our consideration: (1) The finding that Tarver was guilty of any act of negligence that caused plaintiffs’ damages; and (2) alternatively, if liability is affirmed, that Lum-bermens is solidarily liable under its uninsured motorist coverage with the liability carrier of the second vehicle. The remaining defendants answered this appeal seeking a reversal of liability and further urged the award was excessive.
Admittedly the negligence of the plaintiffs is not an issue before us since the lead automobile of Mrs. D’Amico was rear-ended. This opinion therefore concerns itself only with the negligence of the respective drivers of the second and third vehicles.
Our review of the record convinces us the proximate cause of the personal injuries and property damage of plaintiffs was the sole negligence of Mr. Doyle, driver of the second car. Two different versions of facts are before us, one given by plaintiff Mrs. D’Amico and the other by Mr. Doyle. Her evidence is credible and consistent, while his is implausible, contradictory in parts, and self-serving.
Plaintiff-driver testified as follows: On November 22, 1968,- between 7:15 and 7:30 a. m., she was driving in the left eastbound lane of Interstate 10 (I — 10) toward downtown New Orleans. When she was approximately one-third of a mile west of the Carrollton interchange, moving at a speed estimated to be 15 to 25 miles per hour and driving about three to five car lengths behind the automobile immediately in front of her, without warning a car struck the rear of her moving vehicle. She immediately applied her brakes and managed to bring her car to a stop without colliding with the car in front of her. Approximately a minute after she was hit, she heard a second crash (when the third car rear-ended the second one) ; however, her automobile was not struck this time. When the cars finally stopped, she testified her vehicle was approximately one and one-half car lengths ahead of the second automobile and it in turn was not touching the third car. She did not approximate the space between the second and third cars except to say it was not as great as that between her automobile and Doyle’s vehicle.
Louis Hughes, the passenger in the D’Amico car, corroborated these facts: (1) the car was moving when it was hit; (2) there was no car in the immediate front of Mrs. D’Amico; and (3) there was a distance of one and one-half car lengths between the lead and the second car when they came to a stop after the accident.
Doyle is in agreement on the time and the date only. As he relates it, the collision occurred 30 to 40 feet from the Car-rollton ramp in bumper-to-bumper traffic. Immediately before the impact, he had been stopped at this point for 30 seconds waiting for the traffic congestion to clear. As he was stopped, he looked in the rear-view mirror to observe traffic conditions (as was his habit) and noticed a car ap *281 proximately two car lengths behind him, moving at a speed that indicated the car would be unable to stop. When the impending chain reaction collision became apparent to him, he slammed both feet on the brake to minimize the impact to the D’Amico car, which was stopped several feet in front of his. As he had anticipated, Tarver’s car struck and propelled his vehicle into the rear of the stopped D’Amico car. When they came to rest there was a space of 3 feet between his car and the lead automobile.
The inconsistencies we note are these: (1) The distance of two car lengths between the rear of his car and the approaching Tarver vehicle contradicts his description of bumper-to-bumper traffic conditions; (2) the traffic congestion would have prevented Tarver from generating enough speed to first hit the Doyle car and propel it into the lead car if the traffic was moving in the area at five miles per hour; (3) had Doyle applied his brakes when Tarver struck him at five miles per hour, his car would not have collided with the lead car; and (4) the heavy physical damage to the front and rear of his car is irreconcilable with Doyle’s account of the circumstances attendant upon the occurrence of the accident.
The testimony of the police officer who investigated the accident did nothing to resolve the differences in these versions. He first stated he remembered nothing about the accident. Then, after using his report to refresh his memory, he gave an account that contradicted both Mrs. D’Amico and Mr. Doyle in some aspects. First he stated the three vehicles were all moving at the time of the accident. Next he said the impact occurred when the brakes of the third vehicle failed and it struck the second car, which in turn was propelled into the lead car. This account was an alleged summary of the stories of the three drivers given at the scene, according to the officer. He accepted it as true because no one disagreed. At one point he was positive he spoke to all three drivers together, but later admitted he “couldn’t say he didn’t let her [plaintiff] go” before conducting this interview as to cause. We further note the report did not correctly recite the time the accident occurred. Because of the discrepancies in the officer’s testimony attributable to his inability to recall certain significant details of his investigation we are unable to assign any persuasive probative value to his testimony.
In written reasons for judgment, the trial court stated both Doyle and Tarver were negligent without giving the factual basis on which this result is predicated. As we view it, under the Doyle version, only Tarver could have been negligent, if in fact, he should have anticipated the mechanical failure. Under Mrs. D’Amico’s version, only Doyle’s negligence was a proximate cause of her damage. While Tarver may or may not have been guilty of negligence in rear-ending Doyle’s car, this was in no way a contributing or proximate cause of plaintiffs’ damages since Mrs. D’Amico’s vehicle was left untouched by the second impact. Because we find the testimony of Mrs. D’Amico more convincing, we hold Doyle’s negligence was the sole and proximate cause of the accident.
In so doing, we are disturbing the trial court’s apparent (but unstated) evaluation of credibility of the witnesses. While our rules of appellate review recognize the findings of the trial court are to be assigned great weight, we are also mindful of our responsibility to review issues of fact as well as law. When the factual findings are not supported by the record, we must reverse the trial judge’s conclusions of fact. To do otherwise would constitute a partial abdication of our appellate function. Brown v. Kaiser Aluminum & Chemical Corporation, 250 So.2d 99 (La.App. 4th Cir.1971).
For the reasons assigned, the judgment appealed from is reversed only insofar as it cast Lumbermens Mutual in judgment *282 with Shell, Doyle and Travelers. In all other respects, it is affirmed. Costs of this appeal are to be borne by appellees.
Reversed in part; affirmed in part.
THOMAS F. MALIK, J. Pro Tem., concurs with written reasons.
RUCHE J. MARINO, J. Pro Tem., dissents with written reasons.

. Tarver was named as a defendant in the petition but he was never properly cited.