BOLIN, Judge.
In this tort action Jerry Wiley Mitchell seeks damages for injuries allegedly suffered by him as the result of the collision of a Chevrolet automobile, which he was driving, with a Cadillac being driven by Mrs, Bessie Barrow. The accident occurred in the intersection of Wilder and Creswell streets in Shreveport, Louisiana, on November 16, 1972. At the time of the accident Jerry was seventeen years of age and his mother joined as plaintiff to recover medical expenses for which she was responsible. Named defendants are William Russell Barrow, his wife Bessie H. Barrow, driver of the car with which the Mitchell vehicle collided, and the Employers Commercial Union Insurance Company, insurer of the Barrow vehicle.
Defendants denied Mrs. Barrow was guilty of negligence and in the alternative plead the contributory negligence of Jerry Mitchell. The Barrows also reconvened to recover the $100 deductible portion of their insurance policy. From judgment rejecting all demands, plaintiffs appeal. We affirm the judgment.
Just prior to the collision Mrs. Barrow was driving her Cadillac west on Wilder, intending to continue across Creswell to her daughter’s home on Wilder Place. Jerry was driving his grandmother’s Chevrolet south on Creswell, intending to turn right onto Elmwood Street.
As Mrs. Barrow approached the intersection of Wilder and Creswell she was faced with a stop sign which she testified she obeyed. She further testified she looked to her left and to her right and, observing no vehicles, drove into Creswell which is a favored street running north and south. After entering the intersection she observed the Mitchell car approaching from her right at what she described as a high rate of speed. She stated she immediately stopped her car within two feet of the center line and that the Mitchell car “sideswiped” the right front of her automobile. She stated that after the collision and before the police officer arrived she drove on across the intersection to get out of the path of traffic on Creswell and alighted from her car to see what had happened.
Jerry testified he had just left Byrd High School and was proceeding south on *256 Creswell at 35 or 40 miles per hour and the posted speed limit was 35 miles per hour. He had previously stopped for a red light at the corner of Gladstone and Cres-well, which was approximately three blocks from the place where the accident occurred.
As an automobile, proceeding on Cres-well, approaches Wilder Place from the north it must ascend an incline. Plaintiff stated that as he neared the crest of the hill he became aware of an automobile stopped on his left at the corner of Wilder. Jerry testified he was aware there was a stop sign controlling this intersection and presumed the car would remain stopped and would yield the right-of-way to him. He said his automobile was almost through the intersection when suddenly and without warning the Barrow car pulled out into his lane of traffic and struck his automobile at the left rear panel. Photographs were introduced into evidence revealing damage to the left rear panel of the Mitchell automobile.
A witness to the accident, Curt Thurman, testified he saw the accident from only one block away and that the accident occurred in Mitchell’s lane of travel. He also stated that he never saw the Mitchell vehicle travel outside its proper lane of travel until after the collision. Thurman could make no estimate of the speed of either car.
W. P. Lambright, a Shreveport police officer who investigated the accident, testified as to his findings. He said that after the collision the Chevrolet “hit a telephone pole, glanced off of it and then went through two fences and tore up landscape and the car came to rest at the house at 550 Elmwood.” fie estimated the distance from the point of impact to the place where the car came to rest as being approximately 300 feet. He testified there was heavy damage to the cyclone fences, the landscape and the house. The officer further testified the Chevrolet left 142.9 feet of skid marks after the collision.
Amye Terzia, testifying for defendant, was an eyewitness to the accident. She was walking home from Byrd High School in an easterly direction on the north side of Wilder Place. Upon reaching the intersection of Wilder and Creswell she stopped at the northwest corner. At that time she observed the Barrow Cadillac headed west on Wilder and stopped at the stop sign across that intersection. She looked in a northerly direction on Creswell and saw Mitchell's Chevrolet proceeding south on Creswell and passing another vehicle at Stephenson Street, which was two blocks north of the intersection. Thereupon she proceeded to cross Creswell, walking from the northwest corner to the northeast corner. When she reached the center of Creswell she noticed that the Mitchell car was coming at a rapid rate of speed and she hurried across the street in order to avoid being hit by the oncoming vehicle. Upon reaching the northeast corner of the intersection she testified she turned around as Mitchell’s car approached her and shook her finger at him and told him to slow down. She could not testify as to the exact speed of the Mitchell car but estimated he was driving 50 to 60 miles per hour.
Amye Terzia also testified that Mrs. Barrow had brought her Cadillac to a complete stop on Wilder before entering Cres-well.
Although there are no wrriten reasons for its decision rejecting the demands of both plaintiffs and defendants, the trial court apparently concluded the plaintiff, Jerry W. Mitchell, was contributorily negligent in traveling at an excessive rate of speed.
From our review of the record we find the judgment of the lower court is correct. Under the jurisprudence of Louisiana a motorist may enter a favored street after stopping and making observations that would lead a reasonable person to believe he could proceed across the street in *257 safety and without impeding the progress of the motorists on the favored street. The motorist on the inferior street may assume that vehicles approaching on the right-of-way street will observe the speed limit. Thomas v. Checker Cab Company of New Orleans, 229 La. 1079, 87 So.2d 605 (1956); Nagem v. State Farm Mutual Insurance Co. et al, 280 So.2d 353 (La. App. 3 Cir. 1973).
We find defendants have borne the burden of proving plaintiff driver was guilty of negligence in operating his vehicle at an excessive rate of speed and that such negligence was a contributing cause of the accident. Accordingly, the judgment of the lower court is affirmed at appellants’ cost.