BARNETTE, Judge.
The plaintiffs, appellees, brought this suit for damages resulting from a slip and fall accident in which the plaintiff, Mrs. Marie Cucinella, wife of Nick Cucinella, sustained a fractured hip with serious complications. The action was brought against the home owner’s liability insurer. Judgment was rendered in favor of Mrs. Cuci-nella in the amount of $17,500 and in favor of Mr. Cucinella for reimbursement of surgical and hospital expenses for $8,000. This amount was slightly less than the $8,388.61 proven, but the policy limit was $25,500. The two judgments total that amount. From that judgment, the defendant insurer, has appealed.
The plaintiff, Marie Cucinella, a fifty-four year old person was visiting in the home of her daughter, Mrs. Abel S. Pontiff. There is no dispute that she was an invitee in her daughter’s home and there is no issue over the jurisprudential guidelines applicable to the duty of care owed by the home owner to an invitee. The issue is simply one of fact, whether there was a hidden peril in the alleged slippery condition of the floor and whether Mrs. Pontiff warned her mother thereof. There is also the question whether Mrs. Cucinella’s fall was caused, in fact, by the alleged slippery condition of the floor or if she tripped over her small grandchild.
It would serve no useful purpose to cite authorities for the well established jurisprudential rule of law that the decision of the trial court on issues of fact will be given great weight and will not be overturned except' upon a clear showing of manifest error. We are fully cognizant of the limitation imposed upon the Appellate Courts by this jurisprudence, but it is our opinion that the plaintiffs have failed to establish a factual basis to support the judgment rendered. They have not discharged the burden of proof that Mrs. Cu-cinella’s unfortunate accident was the result of negligence or want of care on the part of the home owners, or in particular, their daughter, Mrs. Pontiff.
The plaintiff, Mrs. Cucinella, was visiting in the home of her daughter, Mrs. Pontiff, on October 3, 1973, where she had visited many times. On this occasion she was washing dishes at the kitchen sink while her daughter sat at a table in the kitchen. Mrs. Pontiff’s two year old child, who was toddling about the kitchen, asked her grandmother for a cookie. Mrs. Cuci-nella found the cookie jar empty and her daughter told her there were cookies in the pantry. She washed the cookie jar and wiped her hands and then turned to go to the pantry for the cookies. Upon turning to leave the sink, Mrs. Cucinella felt the small child immediately behind her and made a movement to avoid falling on the child and in some manner fell, breaking her hip. She gave the following account of her fall in her testimony in the trial court:
“A And I opened the cookie jar, and there weren’t any cookies. And Loretta hollered from somewhere. She said they had cookies in the pantry, and so I picked up the cookie jar, and I washed the cover and then I filled the jar up with water. Why I did that I don’t know. Why do we do things? I don’t know. Anyway, and then I was turned around to go in the pantry to get the cookies, and I tripped on the baby. She was right in back of me, and I tried desperately not to fall on her, and I didn’t fall on her. I do my legs some kind of way, and I fell and next thing I knew I had a broken hip. I don’t remember too much after that.”
The kitchen floor was covered with a type of linoleum called “Congolium” which had been installed in Mrs. Pontiff’s kitchen about three months before the accident. There is no evidence that it was defective, though Mrs. Pontiff testified it was slippery when wet. Because of this condition *618 Mrs. Pontiff usually kept a small rug in front of the kitchen sink, but on the day in question the rug had been removed for cleaning.
The daughter did not examine the floor after the accident and could not testify if it was wet at that time. Mrs. Cucinella was questioned if the floor was slippery and answered:
“A I cannot say for sure. I cannot say that, if it was slippery, or wasn’t slippery. I don’t know how that I did the slip and fall. I wished it had never happened, but it did, and I cannot say that it was or it wasn’t. I’m not sure.
* * * * * *
“A I can’t say.”
She also testified that she had washed dishes in her daughter’s home “many times” and was aware that a small rug was sometimes on the kitchen floor in front of the sink, but could not recall if it was or was not there on the day of the accident.
Mrs. Pontiff testified that on a prior occasion she (Mrs. Pontiff) had slipped on the same type of floor in the bathroom when her child suddenly came up behind her causing her to fall over the tub. On another occasion she said she slipped on a throw rug placed at the entrance to the kitchen from the living room. There is no other evidence in the record to support plaintiff’s contention that the floor was slippery to the point of being a hazard or a concealed danger to anyone using it in a normal manner.
Mrs. Pontiff testified that she gave no warning to her mother of the alleged slippery condition of the floor.
The trial judge concluded that “. . . the condition of the floor was a substantial and important factor, if not the principal cause of this accident.” We cannot concur in this opinion. We find no evidence in the record to support the conclusion that the floor was abnormally slippery, when wet or dry and nothing more than an assumption that it was probably wet from Mrs. Cucinella having splashed dishwater. There is no testimony that it was in fact wet.
The evidence and the testimony of Mrs. Cucinella herself preponderates strongly in support of the conclusion that the cause of her fall was tripping over her grandchild. There is no evidence to support a finding of a defect, or hidden or potential danger in the floor which would impose upon the home owner a duty to warn her guest of such alleged danger. We therefore find manifest error in the conclusion of the trial judge.
The plaintiffs have failed to discharge the burden of proof by a preponderance of the evidence. On the contrary the evidence preponderates against a finding of defect, abnormal condition or potential hazard in the condition of the floor. The cause of Mrs. Cucinella’s fall was the sudden awareness of the small child immediately behind her and her movement to avoid tripping over and falling on the child.
In Barry v. Billac, 250 So.2d 516 (La. App. 4th Cir. 1971) at page 519 the court said:
“ * * * The rule is well rooted that the findings of fact by the trial judge or jury are not to be disturbed or set aside unless manifestly erroneous; however, where the judgment of the trial court is clearly against the weight of the evidence, it is the duty of the appellate tribunal to set it aside. Godfrey v. Baton Rouge Recreation & Parks Com’n, 213 So.2d 109 (La.App. 1st Cir. 1968); writ refused 252 La. 958, 215 So.2d 128; Dixon v. Vicksburg, S. & P. Ry. Co., 139 La. 329, 71 So. 527 (1916); Avis Rent-A-Car System, Inc. v. Berthiaume, 188 So.2d 105 (La.App. 1st Cir. 1966).”
*619 See also Begin v. Talley, 305 So.2d 586 (La.App. 4th Cir. 1975); D’Amico v. Shell Oil Company, 293 So.2d 279 (La.App. 4th Cir. 1974).
In this case we have only the testimony of Mrs. Cucinella and her daughter, Mrs. Pontiff. There is no conflict of testimony and therefore not a situation calling for a test of credibility in which the discretion of the trial judge would be given great weight. It is not the credibility of the witnesses but rather the substance of their testimony which determines if the plaintiffs have discharged the burden of proof by a preponderance of evidence. This distinction was made by the court in Blue Streak Enterprises v. Cherrie, 263 So.2d 734, (La.App. 4th Cir. 1972) wherein the court said at page 737:
“A trial judge is in the best position to determine credibility of witnesses, by observing demeanor, etc., and when two equally opposing witnesses testify contrary to each other on a matter of fact, he may properly believe one and disbelieve the other, and this finding of fact will not be disturbed on appeal. However, the written document in the record before us, supporting the testimony of one witness over the other by its plain terms, makes the question one of. preponderance of the evidence rather than credibility of witnesses. On probative value of testimony, the findings of the trial judge will not be taken as conclusive. Succession of Fields, 222 La. 310, 62 So.2d 495 (1952); Roder v. Pelican Rice Co., Ct.App.Orleans, 10 Orleans App. 120 (1913); Blanche v. Goodier, 22 So.2d 82 (La.App.Orl.1945); Godfrey v. Baton Rouge Recreation and Parks Commission, 213 So.2d 109 (La.App. 1st Cir., 1968), writ refused 252 La. 958, 215 So.2d 128. The rule that the judgment of the trial court on questions of fact will not be disturbed unless manifestly erroneous is not applicable here, since the question is one of sufficiency and preponderance of evidence rather than credibility of witnesses.”
See also Hall v. Great Atlantic and Pacific Tea Company, Inc., 297 So.2d 527 (La.App. 4th Cir. 1974), writ refused 300 So.2d 842 (La.1974); Jones v. Bryant, 283 So.2d 307 (La.App. 4th Cir. 1973); Melancon v. I.M.C. Drilling Mud, 282 So.2d 532 (La.App. 1st Cir. 1973), writs refused 283 So.2d 769 (La. 1973) and 283 So.2d 771 (La.1973).
The judgment appealed is reversed and set aside and there is judgment in favor of the defendant, appellant, Peninsular Insurance Company and against the plaintiffs, appellees, dismissing their suit at their cost.

Reversed and rendered.